Parsons, C. J.
This action is a writ of entry, in which the plaintiff demands the land described in the writ against the defendant, and declares on his own seisin within two years, and on a disseisin by the defendant. The defendant very improperly prays oyer of the deed declared on, when the plaintiff did not count upon, nor make a proferí of, any deed ; and the Court grant oyer, (a) Upon hearing the deed, it appears to be an absolute conveyance in fee simple of the land demanded, from the defendant to the plaintiff, for the consideration of 260 dollars, and it bears date Feb. 9, 1804. The defendant then pleads a bond dated the same day, in the penal gum of 500 dollars, with a condition —after reciting that the defend *444 ant, owing the plaintiff 241 dollars 30 cents, and for the better securing the payment of tire same, had conveyed to the plaintiff fifty acres of land — that, if the defendant should pay the plaintiff that sum in six months, and the plaintiff shall then reconvey the land to the defendant, the bond was to be void. The defendant then avers that the land mentioned in the condition is the same land described in the deed, and that the same bond was made as a defeasance of the deed. He then confesses the breach of the condition, and prays to be heard in equity that he may have liberty to redeem the land demanded, and thus conveyed in mortgage. To this plea there is a general demurrer and joinder.
[ *495 J *In deciding this issue in law, it may be convenient to explain the nature of a mortgage in fee of lands, and the rights and remedies of the parties, agreeably to our laws. A mortgage in fee is an estate upon a condition, defeasible by the performance of the condition according to its legal effect. This condition may be either annexed to and a part of the deed conveying the estate, or it may be contained in another deed, executed at the same time, and part of the same transaction, and providing that the estate recited to have been conveyed is to be defeated upon the performance of the condition.
The equitable powers of this Court do not extend to relieve mortgagors in any other cases than those in which the condition is a part of the deed of conveyance, or is contained in a deed of defeasance of that conveyance. After the creation of this estate upon condition, the mortgagee has presently the same right to enter in pais, and take the profits, or by judgment and execution in a writ of entry, that he would have if the estate were absolute; subject, however, to account for the profits to the mortgagor, if he should ever perform the condition, or redeem the estate. («) And in his writ he may count generally on his own seisin, and the disseisin of the defendant; and if he obtain judgment before condition broken, the judgment will be at common law, and not upon the statute.
The mortgagor, by performing the condition, according to its legal effect, may defeat the estate at law, and if the mortgagee be in possession, he may enter upon him, or eject him by a writ of entry, his title being now absolutely void. Thus it appears that, until the condition be broken, the rights and remedies of the parties are legal, and not equitable.
.When the condition is broken, then the statute interferes, and *445 provides equitable relief for the mortgagor, (a) He may redeem the estate by paying the money due on the mortgage at any time within three years after the lawful entry of the mortgagee for condition broken. It is therefore necessary to fix the time when the three years commence, according to the different situation of the parties.
If the mortgagee had entered and taken possession before the * condition was broken, and had continued in [ *496 ] the receipt of the profits after, the three years do not commence until he give due notice to the mortgagor, after the condition be broken, that he shall thenceforward hold the possession for the condition broken, or, in other words, for the purpose of foreclosing the mortgage, if it be not redeemed. (b)
If the mortgagee had not taken possession before the condition was broken, and he shall lawfully enter and take possession after the condition is broken, the three years will commence from the time of such lawful entry. This entry may be either in pais, or in execution of a judgment in a real action. In order to obtain this judgment, the mortgagee must sue a special writ of entry. Instead of declaring generally on his own seisin and on a disseisin by the mortgagor, he must count either on a seisin in fee and in mortgage, so that it may appear that he claims to be tenant in mortgage, or he must allege a seisin in the mortgagor and a conveyance to himself by deed, which he must plead with a proferí, so that, on inspection of the deed, it may appear to convey an estate in mortgage. The former manner of specially declaring is good in all cases, but necessary where the condition appears in a defeasance, not in the possession of the mortgagee. The latter manner is sufficient when the condition is a part of the deed of conveyance.
If the mortgagee is entitled to judgment in this action, after the condition be broken, the Court will liquidate the sum remaining due on the mortgage, and enter a conditional judgment that the plaintiff have seisin, unless the- mortgagor pay that sum, with interest and the costs of suit, in two months. If the money be' not paid in that time, the mortgagee will sue out his execution, and the three years for redemption will commence on his having seisin delivered to him.
As, by the statute, the mortgagee can have no judgment, after the condition is broken, but this conditional one, thence results the necessity of his declaring as mortgagee, to bring himself within the statute. And it has been settled by this Court formerly that, if he declare *446 generally, and the mortgagor shall plead, in bar, that the [ *497 ] mortgagee is seised as tenant in mortgage *only, the condition of which is broken, the action will be barred. Upon this principle, if the defendant in the case before the Court had pleaded properly these facts in bar, and the bond on which he relies is a defeasance, he must have had judgment that the mortgagee take nothing by his writ. As he has not so pleaded, but prays only that the conditional judgment may be entered against him, that he may have the equitable right of redemption after judgment, the only point that remains for the opinion of the Court is the legal effect ot the bond. If it be a defeasance, within the intent of the statute, the conditional judgment must be entered accordingly; otherwise, the plaintiff must have judgment for his seisin at common law.
The plaintiff’s objection to the bond as a defeasance is technical, because, in the condition, it is not expressed that the conveyance is to be void on the payment of the money secured in six months; but that, upon such payment, the grantee shall reconvey. In looking into the bond and condition, we observe that the bond is dated the same day on which the conveyance bears date, and that the condition recites, expressly, that the conveyance was made as a security for money due. It is therefore manifest that the land conveyed was intended by the parties as a pledge only; and notwithstanding the manner of the grantor’s recovering back the pledge, on his payment of the money, is by a reconveyance, yet the nature of the conveyance remains the same. It is not absolute, but conditional; and it must be considered as a conveyance in mortgage. When we examine the forms of defeasances, in books of conveyancing, the technical objection seems to have no weight. There are, in Wood’s Conveyancer, two forms of a defeasance of a mortgage, in which the condition is, that upon payment the grantee shall reconvey.
We are therefore of opinion that, as the defeasance is by deed, as the two deeds are but parts of the same transaction, and as the conveyance was to secure the payment of money due, the plaintiff must be considered as a tenant in mortgage, and can have only the conditional judgment to have seisin unless the money due, with interest and costs, be paid in two months by the defendant. (a)

 This was at some former term of the Court.

 Newell & Al. vs. Wright, 3 Mass. Rep. 138.—Goodwin vs. Richardson, 11 Mass Rep. 469._Taylor vs. Weld, 5 Mass. Rep. 120. — Colman vs. Packard, 16 Mass Rep. 39.

а) Maynard vs. Hunt, 5 Pick. 240.

 Newell & Al. vs. Wright, 3 Mass. Rep. 138. — Pomeroy vs. Winship, 12 Mass Rep. 514. — Scott & Al. vs. M’Farland, 13 Mass. Rep. 308. — Skinner & Al. vs. Brewer 4 Pick. 468.

 Newhall vs. Burt & Al. 7 Pick. 157. — Rice vs. Rice, 4 Pick. 349.—Newhall vs. Pierce & Al. 5 Pick. 450. — Harrison & Al. vs. The Trustees of Phillips's Academy, 12 Mass. Rep. 458.— Carey vs. Rawson, 8 Mass. Rep. 159.— Scott vs. M'Farland, 1 Mass. Rep. 309. — Holbrook vs. Finney, 4 Mass. Rep. 566. — Stocking vs. Fairchild, 5 Pick. 181. — Eaton vs. Campbell, 7 Pick. 10. — 1 Pow. on Mort. Ari. ed. 1828, pp. 4, (n. 2,) 120, (n. 1.)