Wilde J.
delivered the opinion of the Court. The demandants’ title is founded tin a deed- of mortgage from Thomas Fry and Nathaniel Fry to John Gould, on an assign ment of the mortgage to Justice Willard, and on a supposed assignment to William Wade, the demandants’ father, now *299 deceased. The demandants claim as his heirs, maintaining that the estate in mortgage became absolute in him by foreclosure, and so descended to tnem. The case altogether
depends on the validity of this title. William Wade commenced an action against the present tenants, in which his title, as it is now stated, was fully considered, and adjudged insufficient to maintain a writ of entry.
The facts, however, which appeared in that case were different, — and as the demandants’ counsel contend, very materially different, — from the facts now reported. It was shown in the former action, that William Wade, previously to his receiving his deed from Willard, had purchased the equity of redemption, and it now appears that his title to the equity was defective, and has been so adjudged on a bill by him to redeem. The former case turned, as the present must, upon the force and effect of the deed from Willard, and the Court held that it operated as a discharge, and not as an assignment of the mortgage. The question now is, how far the failure of William Wade’s supposed title to the equity, will affect the legal operation of the deed from Willard ?
A part of the able and learned argument of the demandants’ counsel seems intended for the purpose of obtaining a partial revision of the decision in the former action, and if any part was so intended, it will be sufficient for us to say, that we are entirely satisfied with the reasons given for that decision in the report of the case. Some further reasons, however, will be given in support of that decision, which apply also to questions not raised in the former action.
The ground first taken by the counsel for the demandants is, that the deed from Willard to Wade, as the facts now appear, cannot operate as a release ; that unless it can operate as a conveyance in some other form, the deed is void ; and that, according to a well established rule of law, it is not to be so held, if by any construction it can be made to operate.
These positions have not been controverted, except so far as the rule relied on by the demandants may be qualified by other rules of law : one of which is, that every deed is to be construed according to the intention of the parties. Another rule is, that a deed is to have a reasonable construction, tak *300 ing into consideration the entire deed, and giving effect, to all words of it which are conformable to" law.
In construing the deed in question, all these rules are to be observed, if they consistently may be.
The question then is, what is the true construction of this deed ?
It is contended for the demandants, that as the estate could not pass by way of release, it must operate as a grant or bargain and sale ; and we have no doubt it does so operate. Such a construction is conformable to all the rules, for the principal intent of the parties was, that the estate should pass, and the manner by which it was to pass is not material. But then it must be the same estate which was intended by the parties, and not one larger and more valuable. This is admitted by the demandants’ counsel, and a note of Williams, in Saunders, is referred to, where the doctrine is correctly stated. “ The intent of the grantor is to be regarded as to what estate shall pass, and to whom ; yet it is not to be regard ed as to the manner of passing it: — the chief end of the parties is to pass the estate, and the method ought to be subservient.”
The estate intended to be passed seems to be clearly ascertained by the clause in the deed, which was no doubt inserted for that purpose. By that clause it appears that the intention was to pass the legal estate merely, and not to assign the debt, for it had been paid by the demandants’ ancestor, who was then supposed to have a valid title to the equity.
But the demandants’ counsel still insist, that this clause is inconsistent with the operative words of the deed, and therefore void. The answer is, that it is not inconsistent with the words of release which were intended to operate, and that the mistake under which the parties acted cannot affect a clause in the deed introduced for the purpose of restraining the general language of the context, and explaining the intention of the parties, for the question of intention is to be decided by the entire language of the deed, although some parts of it may have no legal operation for any other purpose. It might be argued with as much propriety, that the words “ grant, bargain and sell ” are void for repugnancy, because they fc low the *301 words “ remise and release,” as the deed could not op ¡rate both ways. But the clause in question is not repugna it in any sense to the operative words in the deed; it is merely explanatory. The sole purpose was to acknowledge payment of the mortgage, and to avoid the inference which might be made from the other parts of the deed, that the debt was assigned. All passed by the deed which was intended to pass, and which the operative words purport to convey, namely, the legal estate, or a satisfied mortgage ;—such an estate as in England is frequently purchased, to be tacked to a subsequent mortgage. If the clause in question had not Deen inserted, the satisfaction of the mortgage before the execution of the deed, might be proved by parol evidence, [t is therefore very clear that the clause which acknowledges Dayment, is to be considered in the construction of the deed. So that the deed itself is prima facie evidence of payment, and it is confirmed by the parol evidence.* [1]
Considering then that nothing passed by the conveyance from Willard but the legal estate, the question will be whether that is sufficient to maintain this action.
The demandants’ counsel rely upon the case of Parsons v. Welles & al. 17 Mass. R. 419. But the main point decided in that case is, that a writ of entry cannot be maintained by a mortgager against the mortgagee after the payment of the debt, the legal estate not being released ; and that the mortgager’s only remedy is by a bill in equity.[2] It is true that it appears to have been admitted by the judge delivering the opinion of the Court, that a writ of entry might he maintained, in such a case, by the mortgagee ; but this admission was inadvertently made, and without adverting to the effect of the law requiring in such a case a conditional judgment to be entered. After condition broken and before foreclosure, the mortgagee is entitled to no other judgment. If the mortgagee declares on his own seisin generally, still the mortgager may *302 insist upon the benefit of a conditional judgment. Erskine v. Townsend, 2 Mass. R. 493. If he performs the condi tio i, — which is to pay the sum due on the mortgage within two months from the time of entering up judgment, — then the mortgage is declared void and discharged by the statute. It necessarily follows, that no conditional judgment can in this case be entered, and as the demandants are not entitled by a reasonable construction of the statute to any other judgment, the action cannot be maintained.[3]
It is said that great injustice will be done, if the demandants cannot recover, and it may be so; but it is certain that great injustice would be done to the tenants, if the demandants should recover. If a loss cannot be avoided, it must be sustained by the demandants. The difficulty has arisen by the mistake and the misrepresentation of their ancestor. But for this misrepresentation, Willard would never have made the deed in dispute. He acted on the supposition that Wade was the owner of the equity, as he claimed to be, and had a right to make a tender, and to demand a release. We do not think there is any evidence to support the charge of fraud, but as the demandants claim as heirs of Wade, they must abide by the consequences of his mistakes and misrepresentation, however innocently they may have been made. If the demandants have any remedy, it must be sought in another action.

Judgment according to verdict.

 See Thompson v. Chandler, 7 Greenl. 377; Willard v. Harvey, 5 N. H. R. 252; Brown v. Stead, 5 Simons, 535; Hunt v. Hunt, 14 Pick. 374; Freeman v. McGuw, 15 Pick. 82 ; Tuttle v. Brown, 14 Pick. 514; Sherman v. Abbot, 18 Pick. 451; Eaton v. Simonds, 14 Pick. 104.

 See Howe v. Lewis, 14 Pick. 329.

 See Morgan v. Davis, 2 Harr. & McHen. 17; Vose v. Handy, 2 Greenl 322; Holman v. Bailey, 3 Metc. 55.