## REUBEN SWAN *versus* JOSEPH WISWALL *et ux.*

Where husband and wife mortgaged the wife's estate and continued in possession till condition broken, it was *held*, that the wife was rightly joined with the husband, in an action to foreclose.

THIS was an action brought for the purpose of foreclosing a mortgage made by the defendants, who were seised of the mortgaged premises in right of the wife. The defendants had remained in possession of the premises since the execution of the deed of mortgage.

The trial was before *Morton* J., and the defendants were defaulted.

It the plaintiff was entitled to recover against either of the defendants, judgment was to be rendered accordingly; otherwise, the default was to be taken off, and a nonsuit or new trial ordered, according to the opinion of the Court.

*Churchill*, for the defendants, cited to the point, that the wife should not have been joined in this action, Bac. Abr. *Disseisin, B.*

*Cushing*, for the plaintiff, cited *Peabody* v. *Patten*, 2 Pick. 517 ; *Gibson* v. *Crehore*, 5 Pick. 146 ; *Hadley* v. *Houghton*, 7 Pick. 29 ; Com. Dig. *Abatement, H* 35, 2 ; *Rigley* v. *Lee*, Cro. Jac. 356 ; Jackson on Real Actions, 71 ; *St.* 1795, c. 75.

SHAW C. J. delivered the opinion of the Court. The only important question in this case is, whether this action is rightly brought against the husband and wife ; or whether it should have been against the husband alone.

It appears by the case, that the husband and wife were seised of the estate in right of the wife ; that they joined in a mortgage to the plaintiff ; that the mortgagers remained in possession till condition broken ; and that after condition broken, this action was brought to foreclose the mortgage.

This species of real action, although it assumes in many respects the form of proceeding in a writ of entry, is in reality a special action given by statute, and adapted to afford a remedy to a mortgagee after condition broken. *St.* 1785, c. 22.

In *Erskine* v. *Townsend*, 2 Mass. R. 496, it was decided that if a mortgagee, after condition broken, brings an action on his own seisin generally, without reference to the mortgage, and the defendant pleads the fact specially, the plaintiff will be barred. Hence results the necessity of declaring as mortgagee, to bring himself within the statute.

In the same case it is held, that the common mode of doing this, where the defeasance is a condition inserted in the same instrument, is by declaring on the seisin of the mortgager, and the execution of the deed, of which profert is made in the count, and this is deemed to be a suitable and proper mode of declaring. Jackson on Real Actions, 50.

The estate here was the wife's. By the immemorial usage

Swan
*v.*
Wiswall.

of this commonwealth, she could join with her husband, in conveying or mortgaging it. By joining in this mortgage, she parted with her estate *pro tanto*, but no further. The equity of redemption, which the law regards as a valuable interest, as an estate, was still hers. Her husband could not, without her consent, convey, release, or discharge it. In *Hadley* v. *Houghton*, 7 Pick. 29, it was strongly implied, if not decided, that an entry *in pais*, by the mortgagee, on a wife's estate mortgaged by the husband and wife, with the assent of the husband, but without the knowledge of the wife, would not foreclose the wife's right to redeem. The only mode, therefore, of effectually foreclosing the mortgage, when made by husband and wife, is by joining her in the writ. In case of the death of the husband, the action might proceed against the wife. She would be entitled to the benefit of the conditional judgment, might pay the amount due on the mortgage, and thereby save her estate from foreclosure. In regard to the equity of redemption the wife has an interest distinct from that of the husband, and which cannot be defeated by his act or default. She therefore was rightly joined. The object of the special action thus provided by statute, is to give the mortgagee a judgment for possession, in case of non-payment of the debt, in order that by lapse of time and by force of the statute, the mortgage may be foreclosed. As the wife has an interest in this proceeding, to the extent of the value of the equity of redemption, it would be inconsistent with the plain principles of law and of justice to hold, that she and her estate should be bound by the judgment, if she could not be a party to the suit.

        *Default to stand and conditional judgment thereon.*