## AMORY HOLMAN *vs*. BENJAMIN BAILEY.

The condition of a mortgage made to secure payment of money at a time certain is saved by payment before the time. The mortgagee's estate is effectually defeated by such payment, and the mortgagor is in of his old estate.

A. mortgaged land to B. to secure payment of several notes payable at different times, and afterwards mortgaged the same land to C.: After this second mortgage, and before either of the notes, which were secured by the first, fell due, B. took from A an absolute deed of the mortgaged land, with covenants of warranty, &c. in full satisfaction and discharge of said notes and of another note due to him from A.; and all the notes were thereupon given up to A.; but the mortgage was not formally discharged. *Held*, that B.'s estate, as mortgagee, was defeated, and that if C.'s mortgage was valid, he had a complete and adequate remedy at law by writ of entry against B., and therefore that he could not, as second mortgagee, maintain a bill in equity against B. to redeem the land.

THIS was a bill in equity to redeem certain mortgaged real estate in Bolton. The plaintiff claimed the right to redeem, on the ground that he was second mortgagee, and the defendant first mortgagee in possession. The facts upon which the case was decided appear in the opinion of the court.

*Washburn & Wood*, for the plaintiff.

*É. R. Hoar*, for the defendant.

SHAW, C. J. The facts, on which this case was argued, are briefly these : In March 1839, one Robert Temple, having become owner of the premises in question, by a mutual arrange-

ment undertook to become responsible to Bailey, the defendant, for the sum of $ 800. And it was thereupon agreed, that Temple would give the defendant five notes of $ 100 each, payable one in each year for five years, with a mortgage on the premises to secure the payment of those notes. He was to pay Bailey the other $ 300 in a short time, and for that purpose gave him a note for that sum on demand, but not secured by mortgage. Bailey, having failed to obtain payment of the $ 300 in two or three months, became dissatisfied, and in May, he and Temple came to a new arrangement, by which Bailey agreed to take an absolute deed of the estate, in full satisfaction and discharge of all the notes, as well the five notes of $ 100 each, secured by mortgage, the first of which was not then due, as the note for $ 300 not secured by the mortgage. Thereupon Holman, the complainant, was applied to, as a scrivener and conveyancer, in which capacity he was extensively employed in the town of Bolton, to prepare an absolute deed of conveyance of the premises from Temple to Bailey, which was prepared accordingly, and was executed in the presence of Holman, and attested, and the acknowledgment taken and certified, by him. Thereupon all the six notes were given up pursuant to the agreement, but the mortgage was not formally discharged, either by an entry on the margin of the record thereof in the registry of deeds, or by a separate release.

In the mean time (April 17th) between the mortgage deed given by Temple to the defendant Bailey, in March, and the absolute deed given by the same to the same, in May, Holman himself had taken a mortgage of Temple, for $ 200, on the same premises, in virtue of which title, and as second mortgagee, he brings this bill.

One of the points contended for by the defendant is, that as Holman gave him no notice of his prior incumbrance, when he knew that Temple was giving him an absolute conveyance, with warranty for its full value, in May, it would be fraudulent in him to set up his prior mortgage, because, although it was on record, ne knew that Bailey had no actual notice of it, but, on the contrary, acted upon the belief that the premises were free

of incumbrance, and that Temple could give him a good title. We have not thought it necessary to decide this question, because we think there is another point which settles the case.

The plaintiff cannot proceed in this suit in equity, unless he can show that the defendant holds as mortgagee, under the mortgage deed given in March. For, if he holds only under the absolute deed given in May, then the complainant has a prior mortgage, upon which, if it is valid, he may have his action at law to obtain possession and foreclosure ; and then it will be for the defendant to redeem of him, or suffer him to take the estate for the $ 200.    And such a suit on the mortgage would afford a fit occasion to try its validity, upon the question above stated.

The question therefore recurs, whether the defendant holds the mortgage title, made by the deed of March.

We think it very clear, that the notes then given, including the five secured by the mortgage, were in fact paid and discharged, by Temple, by the agreement in May.    It was then agreed that the estate should be conveyed in fee with warranty and without condition, in full satisfaction and discharge of those notes and the note of $ 300 ; and the estate was conveyed pursuant to the agreement, and the notes were given up and cancelled.    These were then at an end ; they were effectually paid and extinguished.    The parties could not afterwards be placed in *statu quo* and the defendant reinstated in his rights as mortgagee and holder of the notes, and mortgagee under the first mortgage ; nor is it possible to consider the mortgage as in force, as against Holman, as security for the payment of notes which have been paid by the maker.

We are aware that the discharge or full payment of the debt secured by mortgage does not necessarily discharge the mortgage and revest the legal estate in the mortgagor, and that on payment, after condition broken, unless the mortgagee shall in some form release, the mortgagor must resort to his bill in equity to redeem, and have a decree, in order to revest his legal estate.    And this is the ground relied on by the complainant in this case.    He contends, that as the mortgage was not discharged,

he may still maintain his bill to redeem, although the debt has been fully paid.

But we are of opinion that this rule does not apply to the present case, because here the debt was paid before either of the notes had become due. The condition was not broken. The estate was defeasible upon condition subsequent ; payment at or before the day saved the breach of the condition, defeated the estate at law, and the mortgagor was then in of his old estate, without any release, and without redemption. *Erskine* v. *Townsend*, 2 Mass. 495. We think it is a well settled rule of law, that in case of a mortgage, an estate defeasible at law upon the payment of a sum of money at a time certain, the condition is saved, as well by payment before the day, as at the day named in the condition. Plowd. 291. Co. Lit. 212. *Burgaine* v. *Spurling*, Cro. Car. 284.

In this case, none of the notes, which were secured by the mortgage, being due when they were all paid, the condition was saved, the estate was defeated, and the estate of the mortgagee was as effectually devested, as it would have been by a release from him to the mortgagor.

The plaintiff, therefore, at the time of his bringing this bill, if he was right in his claim, had a plain, adequate, and complete remedy at law, and therefore this bill must be dismissed.