## GARDNER'S ADM'R v. MORRISON.

1. A second mortgagee of a slave, may recover the slave of one claiming under the mortgagor, though the first mortgage was forfeited, when the second was executed, and the first is still unsatisfied.

12   547
98   312
98   425

12   547
134   599

Writ of Error to the Circuit Court of Lowndes.

THIS was an action of detinue at the suit of the defendant in error, to recover a female slave named Keziah. The cause was tried on the general issue, a verdict returned for the plaintiff below, estimating the value of the slave at $350, and the damages for her detention at $150, and judgment was thereon rendered.

From a bill of exceptions sealed at the defendant's instance, it appears that he offered evidence tending to show, that the slave in question was mortgaged by the plaintiff's mortgagor to one A. Harrison, for a sum of money still due, between four and six hundred dollars; that this mortgage was executed in 1842, and the debt intended to be secured, payable in 1844. It was further shown, that this mortgage was forfeited previous to the execution of that under which the plaintiff claims; that it was made in good faith, and the mortgagee claimed the benefit of it as a security.

It was also proved, that the slave was levied on by a *fieri facias* against the mortgagor, while she was in his possession, sold by the sheriff, and purchased by the defendant. The defendant prayed the court to charge the jury, that if the mortgage to Harrison was executed and forfeited before the plaintiff's mortgage was given; that it was *bona fide* and claimed by the mortgagee as a security for a subsisting debt, then the plaintiff was not entitled to recover in this action. This charge was refused, and the jury instructed that the first mortgage, and the rights of the mortgagee therein, should have no influence upon their verdict; and if the jury were satisfied of the validity of the plaintiff's mortgage, they should find a verdict in his favor for the slave, with damages for her detention.

N. COOK, for the plaintiff in error. It was competent for the defendant below, to resist a recovery by proof of an outstanding title in a third person. [11 Johns. Rep. 529; 15 Id. 207; 8 Porter's Rep. 303.] Upon the forfeiture of a mortgage, the legal estate vests in the mortgagee. [2 Por. R. 435; 8 Johns. R. 96; 7 Cow. R. 290.] If there is an older lien undischarged, a junior mortgagee cannot recover. [9 Cow. R. 52.] The plaintiff acquired nothing by his mortgage, as the mortgage to Harrison was forfeited when it was executed. It is peculiarly proper that chancery should exercise jurisdiction in such a case. [4 Ala. R. 481.]

GILCHRIST, for the defendant in error, contended, that as between the mortgagor and other persons, he is considered as still having the legal estate in himself, and the power of conveying it to a third person, subject to the incumbrance of the mortgage. [Blaney v. Bearce, 2 Greenl. R. 132; Hitchcock v. Harrington, 6 Johns. R. 295; Collins v. Toney, 7 Johns. R. 278; Wellington v. Gayle, 7 Mass. R. 138; Eaton v. Whiting, 3 Pick. R. 484, 488.]

COLLIER C. J.—It is well settled, that a conveyance by mortgage passes the legal title to the mortgagee; unless by the terms employed, it is shown that it was not intended to have this effect, at least until after forfeiture. [Duval's Heirs v. McLoskey, 1 Ala. R. 708, and cases there cited.] The mortgagee is taken to be the owner of the fee, as against the mortgagor and all persons claiming under him; and as the right of possession follows the right of property, if there be no stipulation to restrain it, he is entitled to possession before condition broken, and is liable to be dispossessed only by performance of the condition. [See 2 Mass. R. 493; 8 Id. 551; 11 Id. 469; 3 Pick. R. 203; 11 Id. 475; 12 Id. 47-57; 14 Id. 399.] But it is said, that as against all persons except the mortgagee and those claiming under him, the mortgagor is considered as owner of the estate mortgaged, so long as he remains in possession of it. Before entry and foreclosure, the mortgage is deemed a pledge or lien upon the estate, subject to which the legal rights and remedies of others may be sought, asserted and enforced in the same manner as if no

such mortgage existed. [7 Mass. R. 138, 355; 11 Id. 469; 15 Id. 278; 3 Pick. R. 484; 7 Johns. R. 278.] The interest of the mortgagor as it respects third persons is a legal estate, and he may convey it to such persons subject to the lien of the mortgage. [2 Greenl. R. 132; 4 Porter's R. 321. See also 2 Porter's R. 433; 6 Ala. R. 542.]

True, it was held by the court of appeals of Kentucky, in Hume v. Breck, 4 Litt. R. 284, that the execution of a mortgage, though the mortgagor retained possession of personal property thus conveyed, invested the mortgagee, even before forfeiture, with the *legal title;* and that a second mortgagee could not maintain an action for the recovery of the property against the first mortgagee, whose mortgage had been satisfied; and this although the mortgagor was in possession when the first mortgage was executed, and did not part with the possession until it was satisfied. It was admitted that the mortgagor would be estopped from denying that he had the legal title, but the first mortgagees were not concluded, it was said, from setting up such a defence, although their mortgage had been discharged. This decision, we think, rests upon an indefensible theory, and would hardly be supported in that State, at the present day. It is clear that the mortgagor, as against all persons but the mortgagee and those claiming under him, is regarded as the owner of the mortgaged property, and may mortgage it a second time or oftener; and if the first mortgagee has no claim upon it other than a satisfied mortgage gives, it is difficult to perceive of any reason, founded in principle or justice, why he should not yield it up. It was admitted that by the satisfaction of the mortgage, the legal title passed to the mortgagor, but said, that although this was the condition on which the first mortgagees acquired their lien, yet the mortgagor could not assign the condition so as to place the second mortgagees in his stead. This reasoning, though perhaps well founded in the English law, is altogether too recondite and attenuated to be recognized by many of the American courts.

The second mortgagee acquires the rights with which the mortgagor professes to invest him, subject, it is true, to the claims of pre-existing incumbrances, and when these are removed, he stands in the same predicament, not only as be-

tween the mortgagor and himself, but as it respects all other persons, as if they had never existed. We have repeatedly recognized the legal estate of the mortgagor in determining, that while in possession he has such an interest as may be levied on and sold under a *fieri facias.* And it has been often decided, that a subsequent mortgagee may discharge prior incumbrances, and thus give to his own mortgage all the effect it could have had, if these incumbrances had never existed.

But the case at bar, is not a controversy between a prior and subsequent mortgagee—it is a suit between the latter and a third person claiming under the mortgagor, and we have seen that the legal estate of the second mortgagee must prevail against all persons but a prior incumbrancer. The defendant, then, cannot call to his aid the superior legal title of the first mortgagee. The latter may or may not assert it, at his election, but one who comes in subsequently to both incumbrances, either by purchase from the mortgagor himself, or at a sale under an execution against him, cannot for his own benefit make the election for the first mortgagee. There is no privity which would enable him to set up such a defence. The fact that the first mortgage was forfeited when the second was executed, does not make a different rule applicable.

It is no objection to this conclusion, that the plaintiff's title is subordinate to that of the first mortgagee, and that the property may be recovered of him by the latter. This is a matter with which the defendant has no concern. The plaintiff may relieve himself from the lien of the first mortgage by purchasing it, or paying the debt for which it provides; or he may go into equity and foreclose, giving to the first mortgagee a preference in the payment of his demand. But whatever be the rights and remedies between prior and subsequent mortgagees, is unimportant to the defence set up. What has been said will sufficiently vindicate the ruling of the circuit court; and its judgment is consequently affirmed.