Dewey, J.
The respondents deny that Asa B. Hogins, under whom the complainant derives the title by virtue of which he seeks to obtain a decree authorizing him to redeem the real estate described in his bill, was ever seised in fee simple of the premises, but, on the contrary, affirm that the deed from Ephraim Marsh to him was a conveyance of an estate upon condition, which condition the grantee, Hogins, failed to perform, and, by reason of the breach of the condition, the estate was defeated, and the same wholly remains in Marsh, the grantor.
We have no doubt that the deed of Marsh to Hogins con veyed the estate to Hogins as an estate upon condition in Hogins and his assigns. It falls clearly within that class of cases.
To hold the condition in this deed a mere agreement of Hogins to pay the mortgage, would leave Marsh with nothing but the personal liability of Hogins for the payment of the amount due on the mortgage to the Massachusetts Hospita. Life Insurance Company.
On the other hand, that this stipulation was not understood by the parties as embraced within the mortgage, is quite clear, as the condition of the mortgage is. distinctly recited to be the payment of certain promissory notes therein described, and not the payment of this money due the Massachusetts Hospital Life Insurance Company. The security for the fulfilment of the promise of Hogins to pay that debt is found wholly in the condition attached to the deed of Marsh to Hogins. That deed was a deed upon condition to be performed by the grantee, and, if not performed, the grantor may enter for forfeiture of the estate, and, if such entry is properly made, the estate in Hogins may, by such breach of condition, be wholly lost.
*101 The only question of any difficulty in the present case is that which arises upon the question of the sufficiency of the entry of Marsh to divest absolutely the estate of Hogins for such breach of condition. It is not enough to show a mere breach of a condition subsequent. That alone does not defeat the estate. It is entirely optional with the grantor of an estate upon condition, in case a breach of the condition occurs, whether he will avail himself of the same as a forfeiture of the estate thus granted. To do this, requires action on his part, and the usual form is by an actual entry upon the party in possession, assigning, for the cause of such entry, the breach of the condition of the deed. Until this is done, the grantee holds his estate, liable only to be defeated, but not actually determined by a forfeiture.
The defendants admit the correctness of these general positions, but insist that Marsh made all the entry necessary to effect that object, and various cases are cited to sustain the doctrine, that Marsh, being in possession at the time, and the breach one that must have been known to Hogins, no further entry, claim, or demand was necessary to defeat the estate of Hogins, and give full effect to the forfeiture.
As it seems to us, such effect cannot attach to the mere possession of Marsh as to divest the estate, without any further notice or act on his part. Our familiar law, as to one class of forfeitures, is certainly quite to the contrary. I allude to the case of an ordinary mortgage to secure the payment of money at a stipulated time, but where, before the maturity of the note secured, or the time has arrived to perform the condition, the mortgagee has entered into possession, and, while thus in possession, the breach occurs, and the mortgagee continues in possession the period of three years thereafter, yet this will not be held to be that entry for foreclosure and three years’ possession, that will bar the redemption of the estate. The mortgagee having entered for another purpose, and in the exercise of other rights, it shall not be allowed to operate as an entry to foreclose, until notice is given to the other party of such purpose, and that the possession is retained for that cause. Erskine v. Townsend, 2 Mass. 493; Willard v. Henry, 2 N. H. R. 120.
*102 In the present ease, the entry was for a clearly defined and distinct purpose, namely, to foreclose the two mortgages made by Hogins to Marsh, and all the necessary steps were carefully taken to bar the right of redemption, after three years from the time of making such entry, and, among these necessary steps, one was that of maintaining three years’ continued possession by Marsh. Before the making of this entry, which was January 4, 1847, no intimation had been given, that Marsh claimed an unconditional forfeiture of the estate, nor had any complaint been made, so far as appears, for any default of Hogins in not paying off the mortgage to the Life Insurance Company, although two years had elapsed since the making of the deed having the condition of paying that debt, which was then overdue, Hogins having paid only the accruing interest thereon. In this state of' things, Marsh being in possession for another purpose, upon failure, by Hogins to pay the interest on the debt to the Life Insurance Company, Marsh paid the same. Being thus required to pay the interest that had accrued for the preceding year, this was quite sufficient cause for entering upon the premises, to perfect a forfeiture for breach of the condition annexed to the deed. But we think that, to effect that object, something was necessarily required more than the actual possession of the grantor, holding directly and avowedly as a mortgagee under the same grantee.
Nothing having been done by Marsh beyond this, in the opinion of the court, the estate of Hogins was not lost at the time of filing this bill, by breach of the condition subsequent attached to his deed from Marsh.
Without expressing any opinion as to the effect resulting from wilful breaches of condition, or those of such a character as would require a denial of relief in a court of equity possessing full equity powers, we are of opinion, that, if the grantor in a deed upon condition, like this, being a mere stipulation to remove an existing liability to the Life Insurance Company, an arrangement really a mortgage, excepting in its forms, which are those of a deed upon a condition subsequent, the fact of possession in the grantor is not in all *103 cases to operate as an absolute perfection of the estate. The possession of the grantor may be, as it in fact was here, wholly alio intuitu. The entry of the grantor, by which he had the possession, was an entry, both in form and substance; an entry to foreclose the mortgages of Hogins, which mortgages were entirely dependent upon Hogins’s having an estate to mortgage to Marsh. It is to be remarked, that the condition here was one not to be performed in any stated time. It was to pay a note of the grantor’s, then over due. It was a condition for the payment of money, and presents a case where, if an action at law had been instituted by Marsh to recover the land, this court would have interposed by an injunction to stay proceedings, upon subsequent payment, as in Atkins v. Chilson, 11 Met. 112.
Whether the complainant under this bill, in the manner it is drawn, could have put in issue this question of title of the respondents by forfeiture, because Hogins did not perform the condition of his deed from Marsh, might be questionable, but it was open to the respondents to interpose that title, and if found to be an absolute forfeiture, and the estate of Hogins thereby divested, it would have been a good bar, and thus it becomes necessary to decide upon that title.
But the court are of opinion that, although the respondents cannot set up this breach of condition in the deed of Marsh, to defeat the complainant’s bill, on the ground of title absolutely forfeited, yet it is competent for the respondents to set up this as a prior lien, attaching to the premises in controversy, and to insist that they ought not to be disturbed in their possession, until the debt due to the Massachusetts Hospital Life Insurance Company is paid. This condition of paying that debt is one that may be enforced against the land. As the respondents assert that lien, and now ask the court that, before they are compelled to surrender the possession to the com plainant of the mortgaged premises, that lien should be removed, we think the respondents are entitled to retain the possession until that lien is discharged.
The complainant’s bill to redeem will be sustained, upon his removing all incumbrances specified in the mortgages to *104 Marsh, and also discharging Marsh’s estate from all further liability to the Massachusetts Hospital Life Insurance Com* pany, by paying the same, as stipulated in the deed from Marsh. Decree accordingly.