## GEORGE W. SMITH *vs.* WILLIAM JOHNS.

A mortgage, duly executed, acknowledged and recorded, is admissible in evidence of the mortgagee's title to the land mortgaged, without first producing the notes which it was given to secure.

A certificate of two witnesses, made more than twenty years since, to the entry of a mort-gagee on the land mortgaged, for the purpose of foreclosure, is admissible in evidence of the mortgagee's title, if supported by the testimony of the witnesses that the entry was made in the presence of the mortgagor, and that they intended, when they signed the certificate, to certify the truth, although they cannot now recall all the facts stated in the certificate.

ACTION OF TORT for breaking and entering the plaintiff's close in Alford.   Answer, soil and freehold in the defendant.

At the trial in the court of common pleas, before *Byington,* J. the plaintiff proved the trespass, and his possession, at the time of the trespass, in right of his wife, the daughter of Stephen Sperry, who formerly owned the premises.   The defendant, in support of his title, gave in evidence a mortgage deed of the premises made to him by Sperry to secure the payment of

several notes therein described; but did not produce any of the notes ; and the plaintiff thereupon contended that the defendant's claim of title was not maintained. But the judge instructed the jury that proof of the due execution of the mortgage would prove the defendant's right of entry, without producing in evidence the notes which it was given to secure, or proving that it had been foreclosed.

The defendant called Frederick Fitch, who testified that, on the 11th of August 1831, at the request of the defendant, he went to the house of Sperry on the premises ; that the defendant, Sperry and Russell Prindle were there; that Sperry said he wanted to give possession to the defendant, and went off the premises, while the defendant, Fitch and Prindle remained on, and Sperry said that he gave the defendant peaceable possession ; that the witness then, in the presence, and at the request, of Sperry and the defendant, signed a certificate; (which was produced ;) that he could not now tell whether it contained a true statement, but at the time knew what was done, and intended to certify the truth. Prindle testified that he was present at the time testified to by Fitch ; that Sperry and his wife went off the premises ; and that he signed the certificate, in the presence of the parties, as evidence of what had been done; but further than this he did not recollect what was said or done. The defendant then offered in evidence the certificate signed by the two witnesses, which was in the following words : " We certify that we this day saw Captain William Johns enter upon the premises or farm of land situate in Alford in the county of Berkshire, heretofore occupied by Stephen Sperry, and take possession of the same under a mortgage of said premises, for breach of the condition of said mortgage. Alford, August 11 1831." The plaintiff objected to the admission of the certificate; but the judge admitted it, as evidence of an act done by the witnesses, at the request of Sperry and the defendant, in connection with the other acts done by the defendant and Sperry

The jury returned a verdict for the defendant, and the plain tiff alleged exceptions.

*I. Sumner*, for the plaintiff.

*H. W. Taft*, for the defendant.

BIGELOW, J. The defendant was not liable in trespass, if he held a valid mortgage of the premises described in the plaintiff's writ. It is common learning, that, in the absence of any agreement to the contrary, a mortgagee may enter upon the estate under his deed, even before condition broken, and if the mortgagor refuse to quit the possession, the mortgagee may consider him a trespasser, and maintain an action of trespass against him ; or he may, in a writ of entry, recover against him as a disseizor. This results from the legal effect and operation of a conveyance in mortgage, by which the legal estate, as against the mortgagor and all persons claiming under him, is vested in the mortgagee, leaving only a right to redeem the estate in the mortgagor. *Erskine* v. *Townsend*, 2 Mass. 493. *Goodwin* v. *Richardson*, 11 Mass. 473. *Newall* v. *Wright*, 3 Mass. 155. *Green* v. *Kemp*, 13 Mass. 518. *Bradley* v. *Fuller*, 23 Pick. 9. Upon this ground the defendant in the present case, in order to justify the alleged trespass, and show that his entry on the premises was by right and not by wrong, relied upon a mortgage to himself from Stephen Sperry, under whom the plaintiff held the premises in the right of his wife, who was one of the heirs at law of said Stephen. To the admissibility of this mortgage in evidence the plaintiff objected, because the notes described in the condition of the mortgage were not produced. But we cannot see the force of this objection. . The mortgage was duly executed, acknowledged and recorded, and was, upon its face, not only a conveyance of the estate, but a direct admission of the existence of two notes described in the condition. The notes constituted no part of the mortgage. They were only evidence of the debt secured by it. But they were not necessarily the only evidence of it; and were not essential to the validity of the mortgage, or to its competency as proof of title. It is undoubtedly true, that a mortgage is intended only as security for a debt, and is in the nature of a pledge. It is therefore liable to be defeated by payment. But until so defeated, it is evidence of both title and indebtment. The title is a defeasible one, but valid, until the performance of the

condition. The mortgage was therefore *prima facie* evidence in support of the defendant's right of entry, and was legal and competent proof, in justification of the alleged trespass.

Under the old forms of pleading, it was not necessary for a mortgagee in a writ of entry to set out the title by which he claimed his estate. He might have declared generally, and had judgment for possession as at common law; and it was for the tenant, if he would avail himself of the condition, to set it out in his plea, and aver payment or performance. Being bound to aver it, it was for him to prove it. *Partridge* v. *Gordon,* 15 Mass. 486. *Davis* v. *Mills,* 18 Pick. 395. *Brooks* v. *Briggs,* 32 Maine, 447. 2 Greenl. Ev. §§ 329, 330. This rule is now changed by *St.* 1852, c. 312, § 2, *cl.* 10, which requires that in declarations founded on mortgage titles the seizin shall be alleged to be in mortgage. But this does not affect the weight of the mortgage as *prima facie* evidence. The non-production of the notes, in the present case, in connection with other circumstances, might have furnished a strong presumption that the mortgage debt was paid or that such debt never existed; but it was no reason for rejecting the mortgage as evidence in support of the defendant's title.

The certificate of the two witnesses, who were present when the defendant made entry on the estate for the purpose of foreclosing his mortgage, seems to us, under the circumstances, to have been admissible in evidence. By itself, unsupported by the evidence of the persons who made it, and as part of a transaction to which the plaintiff was a stranger, its competency would have been much more questionable. But it was originally made in the presence of the plaintiff, and was verified at the trial by the testimony of the persons who signed it. It therefore assumes the aspect, not merely of a bare declaration of third parties to a fact, but of a part of the transaction itself to which t relates, and so constitutes a verbal act, usually and properly connected with the principal matter, and thus forming a portion of the *res gestæ.* It is true, that such certificate, at the time when it was made, did not have the same force and effect as is given to it, when sworn to and put on record, by Rev. Sts. c. 107 § 2. By the statutes then in force, however, (*Sts.* 1785, c. 22, § 2;

1798, c. 77, § 1,) a mortgagee could foreclose his mortgage by an open and peaceable entry made in the presence of two witnesses, taking actual possession of the estate, and continuing that possession three years. Under this provision, it was a very natural and common practice to take the certificate of the witnesses to such entry. This was indeed necessary, in order to preserve the evidence of it, which, by lapse of time and other causes, would be apt to pass out of the memory of persons, who, having no special interest in the matter, would not be likely to retain it in their recollection. When, therefore, the witnesses testified that they saw an entry made, in the presence of the plaintiff and of the mortgagor, under whom he claims, and that they signed a certificate, at the time, of what took place, it would seem to bring the evidence within the familiar rule, which renders all facts and circumstances, naturally and ordinarily attendant upon and giving character to a transaction, competent proof. 1 Greenl. Ev. §§ 115, 120. Nor does it at all impair the competency of this evidence, that the witnesses could not recall, when giving their evidence, all the facts stated in the certificate. After the lapse of more than twenty years, it would be quite impossible to prove such facts circumstantially. It was enough therefore that they testified that they intended, when the paper was signed, to certify to the truth, as evidence of what was done at the time.                               *Exceptions overruled.*