## John Murphy *vs.* William Calley.

A deed of land, absolute in form, and an agreement under seal, executed by the grantee at the same time, covenanting to reconvey if within a specified time the grantor repays the sum paid for the deed, with interest, and providing that, if the grantor does not repay that sum, with interest, within the specified time, the agreement shall be void and the deed absolute, with no further right of redemption, constitute a mortgage.

BILL IN EQUITY to redeem mortgaged premises. It appeared by the bill and answer that the plaintiff had conveyed the premises to the defendant by an ordinary deed of warranty, taking back at the same time an agreement of which the following is a copy:

"Whereas John Murphy, of Salem in the county of Essex, trader, has this day conveyed to me his house and land on Derby Street, in said Salem, for the consideration of one thousand dollars, I, William Calley, of said Salem, for the above and divers other good considerations me hereunto moving, do hereby bind myself, my heirs and assigns, and promise for my·

self, heirs and assigns, that I will, and they shall, reconvey, release and assign to said Murphy, his heirs, executors, administrators or assigns, whenever within five years from this date said Murphy or his heirs or assigns shall repay said one thousand dollars to me or my heirs or assigns, together with lawful interest thereon. And if said Murphy shall not pay the same sums as aforesaid and within the time aforesaid, then this agreement to be void, and my deed to be absolute, with full power for me to sell or otherwise dispose of the premises and with no further right of redemption for said Murphy or on his behalf. Witness my hand and seal this thirty first day of July 1854.

" Signed and sealed } William Calley." [Seal.]
in presence of D. Roberts. }

At the hearing in this court, at May term 1860, *Bigelow*, J. was of opinion that the plaintiff was entitled to redeem, and ordered the case to be sent to a master to state the account. The defendant appealed to the whole court.

*D. Roberts*, for the defendant.

*S. B. Ives, Jr.* for the plaintiff.

BIGELOW, C. J. We cannot doubt that the deed and agreement, taken together, constitute a mortgage. Tried by the tests which are usually applied to ascertain the nature of such transactions, it will be found that the agreement contains all the essential requisites to constitute a defeasance. It was executed and delivered at the same time with the deed; it is between the same parties; it is an instrument under seal and of as high a nature as the deed to be defeated. It is therefore to be considered as if it were annexed to or inserted in the same deed, and is to be construed as containing the condition upon the performance of which the estate thereby created may be defeated. *Croft* v *Powel*, Com. R. 603. *Erskine* v. *Townsend*, 2 Mass. 493. *Rice* v. *Rice*, 4 Pick. 349. *Flagg* v. *Mann*, 14 Pick. 467, 479. *Bayley* v. *Bailey*, 5 Gray, 505. *Woodward* v. *Pickett*, 8 Gray, 617.

The terms of the instrument clearly indicate that the parties intended to create only a mortgage interest and not a conditional fee. The agreement to reconvey on the repayment of a certain sum with lawful interest thereon, shows that money

was advanced to the grantor at the time of making the deed, as part of the same transaction; and the stipulation that if the plaintiff failed to repay said sum within the time specified, the deed was to be absolute, " with no further right of redemption " in the plaintiff, is quite decisive of the understanding of the parties that the transaction was a conveyance of the estate, defeasible upon the payment of money.

It was urged by the counsel for the defendant that there was no collateral undertaking by the plaintiff to pay the money, and so there was no mutuality. But this is by no means conclusive of the nature of the transaction. It is only one circumstance to be regarded in ascertaining whether it is to be treated as a mortgage or a sale with a contract for repurchase. *Goodman* v. *Grierson*, 2 Ball & Beat. 279. *Flagg* v. *Mann, ubi supra.* But it cannot operate with any force where, as in the present case, the intent of the parties to make a mortgage is clear, and the instrument, taken in connection with the deed, contains all the essential requisites of a defeasance. *Decree for complainant.*