# Cowley v. Shelby, Trustee.

*Bill in Equity to Foreclose Mortgage.*

1. *When an agreement is res inter alios acta.*—Where an owner of a tract of land sold it on a credit, and the purchaser having failed to pay the purchase-money, by agreement between the parties, another was substituted as purchaser, who assumed the payment of the purchase-money, and to whom a conveyance was afterwards made by the vendor, an agreement made between the first and second purchasers prior to the execution of the conveyance, that the second purchaser should be put in possession of the land at a given date, is, as to the vendor, *res inter alios acta*, and is not binding on him.

2. *When terms of mortgage can not be varied by parol.*—In a suit in equity for the foreclosure of a mortgage on land, it is not competent for the mortgagor to prove by parol evidence that he intended to convey an interest in the land different from that specified in the mortgage.

3. *Discharge of prior mortgage enures to benefit of junior mortgagee.* Where two mortgages on the same land are executed, the second or junior mortgagee acquires all the rights of the mortgagor, subject to the conditions of his mortgage, and to the prior incumbrance; and hence, the discharge of the prior mortgage, by a payment of the debt secured thereby, enures to the benefit of the junior mortgagee, and not to the benefit of the mortgagor.

4. *Mortgage; when secured note sufficiently identified.*—A note is sufficiently identified as being the note secured by a mortgage, when it is identical with the note described in the mortgage, as secured thereby, in dates, amount and in the names of the maker and payee, although, in the mortgage, the payee is described *as* trustee, while in the note the word *as* between the name of the payee and the word "trustee" is omitted.

APPEAL from Madison Chancery Court.

The record does not disclose the name of the chancellor before whom the cause was heard.

[Cowley v. Shelby, Trustee.]

The bill in this cause was filed on 13th January, 1879, by David D. Shelby, as trustee under a certain deed of trust, against Matthew M. Cowley and William M. Rozell, and their wives, to foreclose a mortgage on lands, executed by the defendants to the complainant. The complainant, as trustee, being seized and possessed of a certain tract of land in Madison county, sold the same to one Simmons on a credit, agreeing to execute a conveyance of the land on payment of the purchase-money. Simmons failed to pay for the land, and, by agreement between the parties, Matthew M. Cowley and William M. Rozell were substituted as purchasers, they agreeing to pay the complainant the balance due from Simmons, principal and interest, for which they jointly executed two notes, dated 4th August, 1877, one for $1,740.60, payable on 1st January, 1878, and the other for $1,860.60, payable on 1st January, 1879; and the complainant executed a deed conveying said land to them, they, together with their wives, at the same time executing to him the mortgage which is sought to be foreclosed, as security for the payment of the notes. The notes are payable to "David D. Shelby, Trustee," while the notes secured by the mortgage are described therein as payable to "David D. Shelby, *as* trustee, etc." The mortgage conveys not only the land above mentioned, but also "whatever right, title or interest, legal or equitable, which they, the said Mathew M. Cowley and his wife, Martha E. Cowley, have in and to" another tract of land in said county, which Matthew M. Cowley had previously purchased from the complainant, as such trustee, on a credit, of the purchase-money of which he had paid about $1,000, leaving a balance of about the same amount unpaid. Afterwards, and before this bill was filed, this balance was also paid by Cowley. When the last mentioned tract was sold to Cowley, he and his wife executed a mortgage to the complainant, securing the purchase-money; and this mortgage is referred to in the mortgage sought to be foreclosed. The notes executed by Cowley and Rozell are set out in the bill, *in hæc verba*, and the mortgage securing them is made an exhibit.

The defendants filed a joint answer, and asked that it might be taken and considered as a cross-bill. In their answer they admit the execution of the mortgage, and of two notes secured thereby, but deny that the notes set out in the bill are the notes they signed or are the notes secured by the mortgage. They further alleged that at the time of the execution of the mortgage, it was expressly agreed that, as to the tract containing one hundred and sixteen acres, the mortgage should only include and embrace the interest which Cowley had therein, and that his interest was then estimated at $1,000; that said mortgage was only intended to be an incumbrance on said tract to

the extent of $1,000, which they offer to pay; and that the first mortgage was not discharged "for the benefit of the said second mortgage, but for the sole benefit of Cowley and wife, and for the purpose of placing the land conveyed thereby in such condition as would enable them to "raise money on it and pay off said one thousand dollars, and discharge the same from said second mortgage." It is further averred, that Cowley and Rozell purchased the lands in January, 1877, with the distinct understanding and agreement, that they should have immediate possession thereof; but that the trade was not consummated, and possession not given them until in August, 1877, and that they were thereby damaged in the sum of $1,000, which they seek to set off against the complainant's demand. The facts from which the damages are claimed to have resulted are averred, but a statement thereof is not necessary to an understanding of the opinion. The complainant in the original bill answered the cross-bill, averring the identity of the notes set out in the original bill with those secured by the mortgage, and that he had no individual interest therein; denying any agreement in reference to the tract containing one hundred and sixteen acres other than that evidenced by the mortgage, and denying any agreement on his part to deliver immediate possession of the lands to the defendants. He also incorporated into his answer a demurrer to the cross-bill.

The deposition of the defendant Matthew M. Cowley was read in evidence on behalf of the defendants. He testified that he considered, at the time he executed the mortgage, that the tract containing one hundred and sixteen acres was bound only to the extent of $1,000, the amount which he had paid thereon, and that the mortgage was executed with that understanding on his part; but he does not testify to any positive agreement to that effect. He further testified that he had an agreement with Simmons, in January, 1877, that he and Rozell were to have the immediate possession of the land which they purchased from complainant, but that he did not have any agreement with the complainant to that effect. To this testimony the complainant objected, and his objection was sustained by the court.

On the hearing, had on pleadings and proof, a decree was rendered, foreclosing the mortgage as prayed; and that decree and the ruling on the evidence above noted are here assigned as error.

BRANDON & JONES, for appellants.

WALKER, & SHELBY, contra.

SOMERVILLE, J.—The contract between the appellant

[Cowley v. Shelby, Trustee.]

Cowley and Simmons, by which the latter agreed to put Cowley in possession of the lands in controversy by a given date, was *res inter alios* so far as concerns the appellee, Shelby. It is not shown that Shelby had anything whatever to do with this agreement, and it can not be made the basis of any claim of damages against him in this suit.

It was very clearly not competent for the appellant to prove by parol evidence that he intended to mortgage an interest in the land, described as a tract containing one hundred and sixteen acres, different from that specified in the mortgage executed to Shelby by him, dated August 4, 1877. This would be a most manifest violation of a well established rule, which forbids the admission of extrinsic evidence for the purpose of varying the legal effect of written instruments. The mortgage itself must be the sole expositor of its own terms, as between the parties to it at least.—1 Brick. Dig. p. 865, § 866 *et seq.; Cunningham v. Milner*, 56 Ala. 522.

Where a mortgage is given on real estate, the mortgagor is regarded as the owner of the fee, as against all the world except the mortgagee.—*Denby v. Mellgrew*, 58 Ala. 147. In cases where more than one mortgage is given on the same property, the second or junior mortgagee acquires all the rights of the mortgagor, subject to the condition of his mortgage, and to the pre-existing incumbrances, and when the latter are removed, it is as if they had never existed. The discharge of such prior incumbrances, therefore, must enure to the benefit of the junior mortgagee, and not to that of the mortgagor, although he may himself discharge them.—*Gardner v. Morrison*, 12 Ala. 547; 1 Jones on Mortg. § 679, § 676, and § 11. Even where the junior mortgagee removes such incumbrances, in order to protect his own title, there can be no redemption of the mortgaged property by the mortgagor without reimbursement. *Grigg v. Banks*, 59 Ala 311.

The notes copied in complainant's bill were sufficiently identified as being the same intended to be secured by the mortgage. They were identical in dates, amounts, in the names of the maker and of the payee, and contained a recital that they were given for the purchase-money of land. It is true that the mortgage purported to be given to secure notes executed to Shelby *as* trustee, etc., and in the notes themselves the word *as* is omitted before the word *trustee*, rendering the phrase following the payee's name a mere *descriptio personæ*. This omission was, however, supplemented, if such was needed, by an averment on the part of the trustee, Shelby, disclaiming any individual or personal interest in the notes. This was explanatory of possession, and admissible evidence in behalf of the

trustee as a declaration against interest.—*Chambers v. Falkner*, 65 Ala. 448.

It is needless to consider the objections to evidence interposed by the appellant, as they would be unavailing to affect this decision, even if they were well taken.

The decree of the chancellor is affirmed.