# Gafford *v.* Strauss.

*Statutory Action in nature of Ejectment.*

1. *Parol gift of land; adverse possession, as between husband and wife.* A party entering into the possession of land under a parol gift, may acquire a title by continuous adverse possession for the statutory period of ten years; but there can be no adverse possession between husband and wife, while residing together on the land; and the claim of the wife, under a parol gift from the husband, can not prevail against a subsequent mortgagee of the husband, when it appears that they continued to reside together on the land until his death.

APPEAL from the Circuit Court of Butler.
Tried before the Hon. JOHN P. HUBBARD.

This action was brought by Simon Strauss, against Mrs. Sallie Gafford and H. T. Wimberly, to recover the possession of a tract of land containing eighty acres, described as the south half of the north-west quarter of section 5, T. 10, R. 15; and was commenced on the 20th November, 1888. The defendants pleaded not guilty, and the statute of limitations of ten years; and issue was joined on these pleas. The plaintiff claimed the land under a mortgage executed to him by J. M. Gafford, who was the husband of Mrs. Sallie Gafford, which was dated February 22d, 1873, and purported to secure the payment of a note given for advances to make a crop during the year 1873. Mrs. Gafford claimed under a parol gift from her husband, made in February, 1872, the consideration of which was his indebtedness to her to the amount of about $1,500, on account of her moneys which he had received and used; and she had sold and conveyed a part of the land to Wimberly, her co-defendant, by deed dated 26th October, 1888. J. M. Gafford died some time during the year 1882. The court charged the jury, on request, that they must find for the plaintiff, if they believed the evidence. The defendants excepted to this charge, and they here assign it as error.

J. C. RICHARDSON, for appellants.—(1.) Adverse possession of land under a parol gift, if continued without interruption,

[Gafford v. Strauss.]

for ten years or more, perfects a title under the statute of limitations.—*Collins v. Johnson*, 57 Ala. 307; *Vandiver v. Stickney*, 75 Ala. 227; *Potts v. Coleman*, 67 Ala. 221. (2.) To constitute an adverse possession, a conveyance, or color of title, is not necessary: there must be an actual possession, with a claim of right or title—a claim of title openly asserted, and in good faith.—*Ladd v. Dubroca*, 61 Ala. 29; *Ormond v. Martin*, 37 Ala. 603; *Burks v. Mitchell*, 78 Ala. 63; *Barclay v. Smith*, 66 Ala. 232; *Dothard v. Denson*. 72 Ala. 544; *Alexander v. Wheeler*, 69 Ala. 340; *Brown v. King*, 5 Metc. 172; *Ashley v. Ashley*, 4 Gray, 197; *Jackson v. Wheat*, 18 Johns. 49; *Jackson v. Newton*, 18 Johns. 355; *Smith v. Lorillard*, 10 Johns. 356; *Jackson v. Woodruff*, 1 Cowen, 276; *Jackson v. Camp*, 1 Cowen, 605. (3.) A wife may acquire property from her husband, by gift, or by contract or conveyance, in consideration of an indebtedness by him to her.—*Hamaker v. Hamaker*, 85 Ala. 232; *Goodlett v. Hansell*, 66 Ala. 161; *Copeland v. Kehoe*, 57 Ala. 247; *Stone v. Gazzam*, 46 Ala. 276. (4.) A civil action, founded on deed or writing under seal, must be commenced within ten years after the accrual of the cause of action.—Code, § 2614. This action was brought after the lapse of fifteen years. Mrs. Gafford does not claim under the mortgagor, since her title antedates the mortgage, and she had no connection with it. (5.) It was for the jury to determine whether the facts were proved which constitute an adverse possession.—*Dothard v. Denson*, 72 Ala. 545; 3 Brick. Digest, 18, § 46.

CHAS. WILKINSON, *contra.*—(1.) There can be no adverse possession between husband and wife.—*Bell v. Bell*, 37 Ala. 541; Amer. & E. Encycl. Law, vol. 1, p. 250. (2.) If Gafford had conveyed by deed to his wife, the conveyance would have passed only an equitable title, the legal title still remaining in him.—*Peacock v. McMillan*, 57 Ala. 127; *Warren v. Jones*, 68 Ala. 449. (3.) There was no adverse possession against the plaintiff as mortgagee.—*Collins v. Johnson*, 57 Ala. 304; *Potts v. Coleman*, 67 Ala. 22; *Boykin v. Smith*, 65 Ala. 294; *Coyle v. Wilkins*, 57 Ala. 108.

CLOPTON, J.—Both parties concede that J. M. Gafford was formerly seized and possessed of the land in controversy. Appellee, who was the plaintiff in the Circuit Court, derives title under a mortgage executed by him, February

22, 1873. Defendants do not claim that title ever passed from Gafford to them, or either of them, by any legal conveyance. Their defense is, that Gafford, being indebted to Mrs. Sallie Gafford, who was his wife, for money of her separate estate which he received and used, gave her, in February, 1872, by parol, the lands on which he then lived, including the lands in controversy, in payment thereof, putting her in possession, and that she has been in continuous possession, claiming the land as her own, for the length of time prescribed by the statute of limitations as a bar to the entry of plaintiff. The court having given the affirmative charge in favor of plaintiff, the main inquiry arises, whether, from the undisputed facts, the conclusion of law is, that Mrs. Gafford did not, and could not, have such adverse possession as, by its own mere force, could ripen into a title.

The legal title in the lands, being vested in Gafford when the mortgage was executed, thereby passed to plaintiff. There is no pretense that he had notice of Mrs. Gafford's claim. The possession of the mortgagor thereafter was referable and in subordination to the mortgagee's title, unless rendered adverse by an open and positive disclaimer of his title brought to his knowledge.—*Coyle v. Wilkins*, 57 Ala. 108. So long as the mortgagor holds in subserviency to the title of the mortgagee, the possession of his vendee, under a parol contract of sale, can not become adverse to the mortgagee, unless there is a disclaimer of the title of the mortgagor, and a holding adversely to him. Counsel invoke the principle pronounced in *Collins v. Johnson*, 57 Ala. 304, and *Vandiver v. Stickney*, 75 Ala. 227, that an uninterrupted possession of a donee, under a parol gift, or by a vendee under a parol agreement to purchase when the purchase-money is paid, accompanied by a claim to the lands, is adverse to the donor or vendor, and will be protected by the statute of limitations, maturing into a perfect title, if continuous for the period prescribed by the statute. But, to have such effect, the facts essential to constitute an adverse holding must enter into, and characterize the possession. The mere assertion of a hostile claim or right and of possession, unaccompanied by adverse actual occupancy, is insufficient.

There is no dispute that Gafford entered into possession of the lands in 1862, and continued in possession, claiming them as his own, until February, 1872, the time of the alleged parol contract of sale. While Mrs. Gafford testifies,

[Gafford v. Strauss.]

that she was put into possession at that time, and thereafter claimed the possession and ownership, she also states that there was no change of possession, but she and her husband continued to reside on and occupy the lands, and he controlled them until his death, which occurred in 1882. Ten years not having elapsed after his death before the institution of the action, the bar of the statute can become complete only by tacking her possession during the continuance of the marital relation, to her possession after the death of her husband. The direct question, then, is, whether the wife can hold premises adversely to her husband, which she claims to have derived from him under a parol agreement of purchase, and on which they continued to reside and jointly occupy as husband and wife? The statement and application of a few elementary principles furnish an answer.

Possession, to be adverse, so as to vest title in the possessor after the lapse of the requisite time, must be, not only open, notorious and continuous, but also exclusive. It must operate to *oust* or *disseize* any other person who may claim title, or right of possession. In order to fall within the operation of the statute of limitations, the possession must be sufficiently exclusive to put the dispossessed claimant to his action or entry. This can never be the case, where the party having the title is in possession, though it may be joint. Two contemporaneous possessions of the same property, each adverse to the other, is a legal absurdity not conceivable. Hence, when two persons are in possession, claiming under different and hostile rights, the law refers the possession to the party having the title.—*Pickett v. Pope*, 74 Ala. 122; *Bragg v. Massie*, 3 Ala. 89; *Farmer v. Eslava*, 11 Ala. 1028.

It may be, that under the laws in force at the time of the transaction in question, a title would vest in a married woman by the mere force of an uninterrupted possession of real estate for the statutory period, under a parol gift or purchase, where the husband never had nor claimed any title, nor interfered with her possession. There is a clear distinction between a possession of that nature, and a possession under a gift or purchase directly from the husband. There being no actual change of possession, the oral agreement between Gafford and his wife was void; it vested no right nor equity, and created no separate estate. It is material only to the extent it may constitute the origin and basis of an adverse possession. Had Gafford executed a conveyance directly to

[Louisville and Nashville R. R. Co. v. Kelsey.]

his wife, it would have been inoperative as a transfer of the legal title. Their continuance in joint possession thereafter, for no length of time, could have availed to divest him of the title, and vest it in her. Certainly a continuance of joint occupancy, without a conveyance, merely under a parol gift, or agreement of purchase, can have no greater effect. The elements essential to an adverse possession, in that sense which can ripen into a a title by its own force and the lapse of time, do not, and can not, exist in such case. The husband is not ousted or disseized, actually or constructively; the possession of the wife does not exclude or encroach upon his possession. The possession of Mrs. Gafford, during coverture, was the possession of her husband, and did not become antagonistic to his rights.—*Bell v. Bell*, 37 Ala. 536; *Hendricks v. Kasson*, 53 Mich. 678; 1 Amer. & Eng. Encyc. of Law, 250. It results, that the statute of limitations did not commence to run until the death of her husband.

Affirmed.