# Stapp *v.* Wilkinson.

*Statutory Ejectment, by Purchaser at Mortgage Sale, against Mortgagor.*

80　47
99　341

1. *Documents not identified as parts of the bill of exceptions not considered.*—Written documents copied into the transcript can not be considered by this court for any purpose, unless so described and identified as to become a part of the bill of exceptions.

2. *Non-joinder of wife; when not pleadable in abatement.*—In a statutory action in the nature of ejectment, the defendant can not plead in abatement the non-joinder of his wife, since the proof of the title in her, although she was not a party, would defeat the action.

3. *Who may dispute consideration of conveyance.*—A party who does not claim under a conveyance is not precluded from disputing its consideration as recited.

4. *Destruction of deed.*—The destruction of a deed does not work a divestiture of the grantee's title.

APPEAL from the Circuit Court of Pickens.

Tried before the Hon. S. H. SPROTT.

This action was brought by Joseph B. Wilkinson against Joseph D. Stapp, to recover the possession of certain lands, described in the complaint, with damages for their detention ; and was commenced on 15th February, 1882. The defendant filed a plea in abatement that the lands sued for were the property—the statutory separate estate of his wife, Leona Stapp, and that defendant's possession was that of trustee only, of the said Leona Stapp, and that this suit should be against her. To this plea plaintiff demurred, and the court sustained the demurrer ; to which action of the court, defendant excepted. Defendant then pleaded, "not guilty ; " upon which issue the cause was tried. The plaintiff offered in evidence a mortgage executed by defendant and others, to C. S. Harkins, as trustee for certain creditors therein named, and showed that under the power in said mortgage, the lands in controversy had been sold, and that the plaintiff was the purchaser thereof, at said sale. In this connection, the plaintiff offered in evidence the deed executed to him by said trustee in the mortgage, C. S. Harkins, showed that the defendant was in the possession of the lands sued for, and rested his case. While the record contains copies of the foregoing conveyances, *in extenso*, they do not appear in the bill of exceptions ; for which reason they were not considered by this court.

The defendant introduced a number of conveyances to show title in his wife, but the bill of exceptions did not include, or so refer to them, as to make them a part of that instrument. Joseph D. Stapp, the defendant, testified that the lands in controversy were purchased with funds of his wife, which she inherited from her father's and mother's estates ; that the original deeds were taken in her name, and that those offered in evidence were correct copies of the originals, which had been destroyed by fire in 1876, when the probate office of the county, with the records, was burned ; that no title to said lands had been vested in him since he had become indebted to any of the parties named in the mortgage ; that both the trustee, Harkins, and the creditors secured by said mortgage, had notice at the time of the execution, that he, witness, had no title to the lands therein conveyed. The defendant further testified that J. R. S. Wooldridge, being largely in debt at the close of the war, being the guardian of witness, and owing him a considerable sum, conveyed to witness, in payment of said debt, an one-half interest in the lands in controverey, known as the Wooldridge lands, and that, afterwards, said Wooldridge conveyed to him, witness, the other half interest in said lands ; that afterwards, witness reconveyed to said Wooldridge the whole of said Wooldridge tract—all of which was done before the execution, by witness, of the mortgage to Harkins, as trustee. Witness, the

[Stapp v. Wilkinson.]

defendant, still testifying, said : "I purchased the lands described in the deed made by M. L. Stansel, from him, paid for the same with money belonging to my wife, and took the deed in her name, which deed was afterwards destroyed by fire. I got Col. Stansel to make another deed to my wife to said lands, described in the deed introduced, made by M. L. Stansel." This part of the defendant's testimony was contradicted by M. L. Stansel, who was introduced as a witness by the plaintiff, and who testified that the original deed prepared by him, was made to the defendant, J. D. Stapp, himself, and not to his wife, and that nothing was said at the time, about the lands having been paid for with his (Stapp's) wife's money ; that afterwards, J. D. Stapp came to witness, Stansel, stating that the original deed had been destroyed by fire, and requested witness to prepare another, making it to his (Stapp's) wife ; and witness, supposing that it affected no one else, after some hesitation, wrote a deed to said lands, to the wife of Stapp, which was the deed read in evidence. Defendant objected to the introduction of this evidence of M. L. Stansel, because it was an effort to alter the terms of a written deed, and because the plaintiff, not being a creditor at the time of the execution of the deed, could not inquire into its validity. Each of said objections being overruled by the court, defendant excepted. The plaintiff introduced a witness, the said Wooldridge, who testified that in 1866, being indebted to the defendant Stapp, he conveyed him all his land, one-half interest at one time, and the other half at another time ; at those dates Stapp was not married ; that afterwards, in 1868, the said Stapp reconveyed to witness one-half interest in said lands, for which he paid him nothing ; that in 1874, witness conveyed to Mrs. Leona Stapp all of said lands, for which he was paid nothing. To the introduction of this evidence defendant objected, and the court overruling the objection, the defendant excepted. There was much other evidence introduced by the defendant and by the plaintiff, tending to show title to said lands in Mrs. Leona Stapp, and in the defendant, Stapp, respectively, at the time of their conveyance to plaintiff. Thereupon the court charged the jury that if they found, from the evidence, that at the time Wooldridge conveyed said lands to Mrs. Stapp, in 1874, he only owned one-half interest therein, the title to the other half interest being in J. D. Stapp, then, as to this latter half interest, they would find for the plaintiff; and that if the deed made by Col. M. L. Stansel to that part of the lands known as the Stansel tract, was originally made to J. D. Stapp, then as to that tract they would find for the plaintiff. To this charge the defendant excepted. The defendant asked a great number of written charges which the state of the record and opinion of this court render irrele-

4

vant, and unnecessary to notice. Judgment was rendered in favor of the plaintiff, and the defendant takes this appeal.

W. F. JOHNSTON, for appellant.

E. D. WILLETT, M. L. STANSEL, LEWIS M. STONE, *contra.*

STONE, C. J.—We find, in the transcript before us, copies of many conveyances, none of which are so identified or described as to become parts of the bill of exceptions.—*Parsons v. Woodward*, 73 Ala. 340. Within this class are the following: Assignment from R. C. Long & Co. to Harkins, trustee; deed from C. S. Harkins, trustee, to Joseph B. Wilkinson; deed from M. L. Stansel to Leona Stapp; deed from Lewis M. Stone to same; deed from Wooldridge to same.

The defendant pleaded in abatement the non-joinder of his wife, Leona Stapp, as a defendant, and that the lands sued for belonged to her. The court sustained a demurrer to this plea. In this there was no error. The plantiff's right of recovery depended on his proof of title in himself, and if he failed in that, he could not recover. If Mrs. Stapp had a title, that of itself disproved title in the plaintiff. If Stapp was in possession in virtue of his wife's title, he could have had her made a defendant with him. In any event, the plea was only a denial that plaintiff had title, and the general issue raised that question. Or, the defendant claiming that his possession was only as trustee for his wife, there was no occasion to make her a party. The trusteeship connected his possession with her title, if title she had; and proof of her title would have been a justification of his possession, and a complete defense to the action.—2 Wait Ac. & Def. 96.

The evidences of paper title being entirely stricken from this record, the only evidence we can look to is that given by the witnesses orally. Joseph D. Stapp testified that the first deeds made by Wooldridge and Stansel to him had been destroyed. This necessarily let in oral proof of their contents; and in making such proof there was no violation of any rule of evidence. It was the only method left of making such proof. And no question arises as to varying the terms of a written contract by parol proof. Nor is there anything in the objection that witnesses were allowed to contradict the consideration clauses of deeds, which expressed on their face a valuable consideration. One of the main contentions in this case was over the *bona fides* of the conveyance from Stansel to Mrs. Stapp; and the plaintiff in this suit, not claiming under that conveyance, so far as we can learn, was not precluded from contra-

dicting the recited consideration.—*Shorter v. Sheppard*, 33 Ala. 648; 1 Greenl. Ev. § 558 *et seq.*; *Smith v. West*, 64 Ala. 34.

The main issue in the court below, as shown by this record, was, whether Stansel's original deed vested title in J. D. Stapp, which has never been devested by a conveyance from him, and whether Wooldridge's deeds conveyed the entire property to said J. D. Stapp, in the lands embraced in his deeds, while Stapp's reconveyance to him embraced only an undivided half interest. There was testimony tending to prove each of these propositions. If this testimony was believed— and the jury seems to have believed it—there was a time when J. D. Stapp held the legal title to both the Stansel and Wooldridge lands, and there is no testimony that he was ever devested of the title, except as to the half interest in the Wooldridge lands which Stapp reconveyed to him. The destruction of the deeds could work no such result.—1 Greenl. Ev. §§ 265, 568.

The charges given, and refusals to charge in reference to the proper interpretation of the mortgage, we can not consider, for the mortgage is not so made a part of the record that we can look to it. We are not able to perceive any error in any of the rulings of the Circuit Court, and the judgment is affirmed.