# McIntosh *v.* Parker.

*Statutory Detinue by Mortgagee of Personal Property.*

1. *Outstanding title in third person.*—In detinue, or the corresponding statutory action for the recovery of personal property in specie, the plaintiff may recover against a mere trespasser on proof of prior posses-

[McIntosh v. Parker.]

sion only, and the defendant can not set up an outstanding title in a third person, with which he does not connect himself; but, when the plaintiff, never having had possession, bases his right of recovery on his legal title, the defendant may, unless e-topped, set up an outstanding title in a third person, without connecting himself with it.

. 2. *Same; mortgage of wife's property by husband; estoppel.*—A mortgage executed by the husband, conveying personal property which belongs to his wife's statutory estate, is a nullity, and does not estop him, when sued for the property by the mortgagee, from setting up his wife's title, and the consequent invalidity of the mortgage.

APPEAL from the Circuit Court of Coffee.

Tried before the Hon. J. M. CARMICHAEL.

This action was brought by S. D. Parker and others, surviving partners of the late firm of Garner, Parker & Co., against Alex. McIntosh, to recover a yoke of oxen, thirteen head of cattle, twenty hogs, and one wagon; and was commenced on the 10th August, 1885. The defendant pleaded *non detinet*, and several special pleas alleging, in substance, that the property sued for belonged to the *corpus* of his wife's statutory estate, and was in her possession at the commencement of the suit, and that the mortgage under which the plaintiffs claimed it was null and void. The record does not show any demurrer to either of these pleas, but recites that the trial was had on issue joined. The plaintiffs claimed the property under a mortgage executed by said defendant to Garner, Parker & Co., which was dated February 5th, 1883, and purported to be given to secure payment for statutory advances to make a crop; and they read this mortgage in evidence, having proved its execution and due registration. The defendant then offered to testify, as a witness for himself, "that the cattle sued for belonged to the *corpus* of his wife's statutory estate, having been received from her said father's estate, and were a part of the *corpus* of her said estate at the time the said mortgage was executed, and were in her possession at the commencement of this suit, and that he had no possession of the property at the commencement of the suit." The plaintiffs objected to the admission of each part of this evidence, and the court sustained their objections. The defendant duly excepted to these several rulings, and he now assigns them as error.

W. D. ROBERTS, for the appellant, cited *Patterson v. Flanagan*, 37 Ala. 513; *Thames & Co. v. Rembert*, 63 Ala. 561; *Wortham v. Gurley*, 75 Ala. 356; *Patterson v. Kicker*, 72 Ala. 406; *Brunson v. Brooks*, 68 Ala. 249; *Lightfoot v. Jordan*, 63 Ala. 224; *Graham v. Meyers & Co.*, 74 Ala. 432; *Chambers v. Falkner*, 65 Ala. 448.

[McIntosh v. Parker.]

SOMERVILLE, J.—An action of detinue may be sustained against a mere trespasser, on proof of a prior possession by the plaintiff. To deny the plaintiff's right of recovery, in such a case, would be to encourage the commission of torts by allowing tort-feasors to take advantage of their own wrongs. In a case of this kind, the rule obtains, that the defendant can not defeat the action by proving title in a stranger, unless he connects himself with such title, thus showing the better right.

But another rule prevails, where the plaintiff bases his right of recovery, not upon prior possession, but upon the strength of his title. Here he must prove his title, and the defendant, unless estopped, may show any fact in derogation of such alleged title, and may, therefore, prove that such title is not in the plaintiff, but in a stranger. It is immaterial that the defendant fails to connect himself with such outstanding title. It is enough that the plaintiff has none, and can not recover without it.—*Jackson v. Rutherford,* 73 Ala. 156; *Russell v. Walker, Ib.* 315; *Miller v. Jones,* 26 Ala. 247; *Foster v. Chamberlain,* 41 Ala. 158; *McCurry v. Hooper,* 12 Ala. 823.

Under this principle, it was permissible for the defendant to prove any fact which showed that the plaintiffs acquired no title to the property in controversy, by virtue of the mortgage purporting to convey it. The recovery here is based, not upon prior possession, but upon the claim of a legal title. If the property attempted to be mortgaged was the wife's statutory separate estate, then the mortgage was void, because in violation of the statute regulating the duties of the husband as the trustee of such estate. It was relevant, therefore, to show that the property was the wife's and not his own, because this fact, if true, destroyed the plaintiffs' title by proving the mortgage to be absolutely void.

It is true that the defendant recited in the mortgage that the property was his own, and that it was subject to no lien or incumbrance, and this representation may have influenced the plaintiffs in acting to their prejudice. But this did not create an estoppel on the defendant, so as to preclude him from showing his want of authority to convey the property. "The doctrine of estoppel," says Mr. Parsons, "can go no further than to preclude a party from denying that he has done that which he had the power to do."—2 Parsons' Contr. (7th ed.), 800. As said in *Lowell v. Daniels,* 2 Gray, 161, "this doctrine of estoppel *in pais* would seem to be stated broadly enough, when it is said that such estoppel is as effectual as the deed of the party." The cases are numerous, as decided by this court, where the wife has been allowed to recover

her statutory separate estate sold, or mortgaged, by the joint conveyance of herself and husband, and the doctrine of estoppel has not been allowed to prevail against her claim, whatever the nature of the representations as to the title. The law abhors a multiplicity of law-suits, and therefore disfavors all circuity of actions. The husband held the property in question as the trustee of the wife, admitting that it was her statutory separate estate. We have decided, that the husband's trusteeship of such estate so connected his possession with the wife's title as to authorize him to defend an action of ejectment by setting up her title, which, if established, would be a complete defense to the action.—*Stapp v. Wilkinson*, 80 Ala. 47. Why, to-day, displace his possession of the wife's property in controversy in this action, on the ground of estoppel, created by an unauthorized breach of duty on his part, in the unlawful sale of such property, and, to-morrow, allow the wife to sue for its recovery in order to re-instate the property to its original status?

We hold that, in this case, there was no estoppel operating on the defendant to preclude him from showing his want of authority to sell the property in controversy.

There are a class of cases decided by this court, in which the personal representatives of decedents have been held to be barred by the law of estoppel, as if they had acted in their individual capacity.—*Bragg v. Massie*, 38 Ala. 89; *Fambro v. Gantt*, 12 Ala. 298; *Butler v. Gazzam*, 81 Ala. 491. We have no intention to disturb the authority of these cases, as they have so long prevailed as to have now passed into a rule of property in this State; but their soundness might well be questioned if the principle decided by them were *res integra*. They are not strictly analogous to the case before us. But, if so considered, we are not willing to extend their application so as to embrace an entirely new class of cases.

We need not consider the other questions raised

Reversed and remanded.