# Draper *v.* Walker.

*Trover and Case for Conversion or Destruction of Personal Property.*

1. *When trover and case will not lie.*—An action of trover, or case, cannot be maintained by one holding under a second mortgage, against a person who is in possession of personal property by purchase from a first mortgagee.

2. *Same.*—After default, the legal title passes to the mortgagee, nothing remaining in the mortgagor but the equity of redemption; a second mortgagee takes no greater title than the mortgagor has—a mere equity. As to a *stranger*, the mortgagor is regarded as the owner, and may maintain detinue or trover against him.

3. *Costs.*—Where suit is brought by a second mortgagee against the holder of a third mortgage, for the wrongful taking by the latter of the property subject to the mortgage of the former, and after the commencement of the suit, the third mortgagee buys a first mortgage upon the same property, and thus invests himself with the legal title, he is liable for costs accrued prior to such purchase of the legal title.

APPEAL from Anniston City Court.

Tried before the Hon. B. F. CASSADY.

Action by Draper, Mathis & Co. against Walker, Teague & Co. The facts sufficiently appear from the opinion of the court.

MATHEWS & WHITESIDE, for appellants.

METHVIN & KELLY, and W. H. SMITH, Jr., for appellees.

[Draper v. Walker.]

COLEMAN, J.—The action was by appellants against the appellees. The complaint contains two counts, the first, in trover, and the second, in case. The count in case avers the destruction by defendants of plaintiffs' lien upon certain personal property, created by mortgage to plaintiff, excuted by William Curry, April 7th, 1887. The count in trover is for the conversion of the same property. The defendant pleaded the general issue, and by way of further defense pleaded specially, in pleas Nos. 2, 3 and 4. The court over-ruled plaintiffs' demurrer to defendants' special plea No. 4. It is from this ruling of the court that the present appeal is prosecuted. Under the general law, an appeal could not lie from the judgment of the court upou the demurrer to a plea.—*Collins v. L. & N. R. R. Co.*, 70 Ala. 533; *Mabry v. Dickens*, 31 Ala. 243. The act of the legislature by which the City Court of Anniston was created provided specially for appeals within thirty days from judgments rendered upon the pleadings.—Acts of 1888–9, p. 564. The 4th plea of the defendant, shows that plaintiffs were second mort-gagees, and that the mortgagor abandoned the property and that defendants took possession of, and converted the pro-perty under the authority acquired by a third mortgage. This plea further shows that after the suit was instituted by plaintiffs, but before any order was made in the case, or plea filed, the defendants bought the property from the first mortgagee, whose mortgage had been regularly recorded, the law day of which had transpired, before the commence-ment of the action, and that plaintiffs never had possession of the property. The plea avers that a large sum was due and unpaid on the first mortgage, but does not state what amount, nor does it aver the value of the property. The question presented is, whether the title and interest ac-quired by the purchase from the first mortgagees, and the facts averred present a complete defense, to both counts of the complaint. A distinction exists between matters of de-fense arising after issue joined, and when it arises pending suit, but before issue is joined. The former must be pleaded *puis darien continuance;* the latter is a plea in bar to the fur-ther maintenance of the suit. This is the rule declared in *Dryer v. Lewis*, 57 Ala. 554; *McDougal v. Rutherford*, 30 Ala. 253. The general rule is, that to entitle recovery in trover, the plaintiff is required to prove property in himself and the right to possession at the time of the conversion.—*Cor-bitt v. Reynolds*, 68 Ala. 378. Possession may be sufficient evidence of ownership to sustain the action against a wrong doer. In a court of law, after default, the legal title passes

[Draper v. Walker.]

to a mortgagee. Nothing remains in the mortgagor except an equity of redemption. Strictly speaking, a mere equity of redemption, unaccompanied by possession, will not sustain an action of trover, and many authorities hold that such an interest will not authorize the action—*Reese v. Coats*, 65 Ala. 258. In *Ring v. Neale*, 114 Mass., p. 112, was the case of a second mortgagee suing a purchaser from the mortgagor and in principle is directly in point. COLT, J.— "To maintain the action of trover, the plaintiff must have the legal title to the property in question and must show possession or the right to immediate possession. It is not enough that he shows an equitable title, such as a right to redeem, or a reversionary interest subject to the present legal title of another. The whole legal title and right of possession passes to the mortgagee by a mortgage of personal property and is defeated only by the performance of the condition. The plaintiffs' interest in this property is that of second mortgagee. The legal title and right of immediate possession at the time of the alleged conversion was in the holder of the first mortgage to whom alone the defendant is liable in this form of action. The defendant can not be held in two actions for the same tort, in favor of different persons. Nor can the rights of the holder of the first mortgage be defeated." This decision is cited in the text of Jones on Chat. Mortg., § 499; see *Ib.* § 448 and note. In this State it has been often declared that a mortgagor after the law day, owns no interest in the mortgaged property, except the equity of redemption, and that his vendee can acquire no greater interest.—*Kelly v. Longshore*, 78 Ala. 204; *Ware v. Hamillon Brown Shoe Co.*, 92 Ala. 145; *Bingham v. Vandegrift*, 93 Ala. 283. These principles have been declared in cases arising between the mortgagor or his assignee or grantee and the mortgagee. As to all persons except the mortgagee, the mortgagor in possession is regarded as the owner of the legal as well as equitable interest whether there has been a forfeiture or not, and he may convey by mortgage or other conveyance such title or interest, as will be good against all other persons—*Marks v. Robinson*, 82 Ala 78; *Allen v. Kellam*, 69 Ala. 442; *Denby v. Mellgrew*, 58 Ala. 147; *Cowley v. Shelby*, 71 Ala. 122; Jones on Chat. Mortg. § 497; *Gardner v. Morrison* 12 Ala. 547. The rule in this State is that a second mortgagee after forfeiture, (or before, if there is no provision that the mortgagor may retain possession,) may maintain either detinue or trover, against a stranger or person claiming only through the mortgagor by a sale or conveyance of the property made

[Draper v. Walker.]

subsequent to the execution of the second mortgage.—82 Ala. and 12 Ala. *supra.*

We have stated, that in a court of law after forfeiture, the legal title vests ·in the mortgagee, and the default goes to the whole property—*Thompson v. Thornton*, 21 Ala. 808. The mortgagee thus invested with the entire legal title may sell and convey the property, to a third person.—*Downing v. Blair*, 75 Ala. 218 ; *Walsh v. Phillips*, 54 Ala. 309 ; *Scott v. Ware*, 65 Ala. 174; Jones on Chat. Mortg., § 454.

In a court of law after default the mortgagee is the absolute owner of the property subject only to the equitable right of redemption and such rights as grow out of this equitable right of redemption. The mortgagor can convey no greater right than he owns. Consequently a second mortgagee could not maintain trover against a prior mortgagee or the vendee of a first mortgagee. The latter holds a superior title. This was expressly decided in the case of *Landon v. Emmons*, 97 Mass. 37. A mortgagor can mortgage his equity of redemption, and this was the estate acquired by the plaintiff by his second mortgage. He had an equitable lien by virtue of his mortgage upon the equity of redemption. Case will lie to recover damages for the conversion or destruction of property upon which a party has a mere equitable lien, upon the general principle that when there is a tortious act from which damage results, the law must furnish a remedy, rather than the wrong shall go unredressed.—*Hurst v. Bell*, 72 Ala. 340; *Hussey v. Peebles*, 53 Ala. 432; *Lomax v. LeGrand*, 60 Ala. 537; *Elmore v. Simon*, 67 Ala. 526; *Thompson v. Powell*, 77 Ala. 392. The count in case as that in trover was in legal form and not subject to demurrer. The defendant's ·plea showed an outstanding legal title in the first mortgagee, superior to that of plaintiff, with which by his purchase from the first mortgagee he connected himself. If the facts averred in the plea were found to be true, they furnished a complete bar to the further prosecution of the suit in trover. By the purchase from the first mortgagee, the defendants acquired all rights and could make all meritorious defenses to an action on the case for the conversion of the property or the destruction of plaintiff's equitable mortgage, that the first mortgagee might have made, had the suit been instituted against him, except perhaps as to a question of cost to be hereafter referred to. We have seen that after forfeiture the mortgaged property became vested in the first mortgagee. He was authorized to sell the same and convey the legal title and ownership of the property to a purchaser. His rights to the property and that of his

vendee, were absolute, except as to the equity of redemption, left in the mortgagor or his assignee or vendee. If the property mortgaged was of less value, was insufficient to satisfy the debt secured by the first mortgage, the holder of the equity of redemption sustained no damage. If the purchase price received by the first mortgagee, exceeded the amount of his debt, the surplus, *ex equo et bono*, belonged to the holder of the equity of redemption, for which assumpsit would lie.—*Troy v. May*, present term. If the property was of more value, than sufficient to satisfy the debt secured by the first mortgage, and it was injured or destroyed or disposed of, not in accordance with the provisions of the mortgage, an action on the case would lie by the mortgagor or second mortgagee.

*Prima facie* a mortgagee who, after default, takes possession of the mortgaged property, and converts the same or in any manner disposes of it, is not liable for such action. *Prima facie* he has done only what the law allows him to do. To make him liable in such a case, it is necessary to aver and prove, the act was wrongful and that damages were sustained; and to show damage it is necessary to aver and prove, that the property was more than sufficient to satisfy the debt secured by the first mortgage. In such case the recovery would be the difference between the value of the property and amount of the debt for which the property was appropriated under the prior mortgage. The rule here declared does not militate against the principle that no one shall take advantage of his own wrong, but proceeds upon the principle that the plea shows *prima facie* no wrong has been done to plaintiff, to his injury. We therefore hold the facts averred in the plea were a full answer in bar to the further prosecution of the suit under the pleadings. Plaintiff might have replied to the plea, and averred the facts necessary to authorize a further maintenance of the suit, in accordance with the principles of law as we have declared them.—*Ewing v. Blount*, 20 Ala. 694. There is no objection made to the plea, because it fails to offer to pay the cost which had accrued, before the purchase of the property and the filing of the plea. We are not permitted to consider any causes of demurrer not specially assigned.—Code 2690, and authorities cited.

The plaintiff was entitled to his cost accruing before plea No. 4 was filed.

There is no error in the record.

Affirmed.