# Mitchell v. Thomas.

## Action of Trover.

1. *Mortgagee and mortgagor; conversion; what constitutes it.*—Where a mortgagee in a chattel mortgage, after the law day has passed, finds the mortgaged property in the possession of another, who holds a junior mortgage thereon, and demands said property, and such person replies "that he would prosecute anybody that interferred with" the property, "and that nobody could get" the property "who did not have a better right," such conduct and statement by said person constitutes a conversion, which will support an action of trover by the prior mortgagee.

2. *Trover; superior claim in third party no defense, when disconnected; evidence thereof inadmissible.*—When in an action of trover, the plaintiff does not show former possession, but relies solely upon his title, the defendant can not, as a defense to such action, set up an outstanding superior title in a third person, who derives his title from a common source with plaintiff, without connecting himself with it; and evidence of such superior title, without in some manner connecting himself with it, is inadmissible.

3. *Same; same; evidence of detinue suit inadmissible; res inter alios acta.*—In an action of trover, evidence that a third party, holding a title superior to plaintiffs, but with which defendant was in no way connected, had brought an action of detinue for the property in controversy against him who was the common source of both titles, is inadmissible; such action of detinue being *res inter alios acta.*

APPEAL from the Circuit Court of Marshall.

Tried before the Hon. JAMES A. BILBRO.

By the complaint in this case, as originally framed, W. A. Mitchell, the appellant, claimed of Kelt Thomas, the appellee, and one Sam Henry $200, for wrongfully taking one yoke of oxen the property of the plaintiff, and a like sum for the conversion by them of said property. The plea was the general issue.

On the trial there being an entire failure of proof against Sam Henry, plaintiff by leave of the court, amended the complaint by striking out the name of Henry as a party defendant.

The evidence at the trial tended to show that on November 19th, 1892, one Charley French executed to plaintiff a mortgage on said oxen to secure an indebtedness of fifty dollars; that the law day of the mortgage was February 1, 1893, and the debt was not paid at maturity, and it had never been paid; that French retained possession of the property until about the 1st of May, 1893, when he went off, leaving the property on defendant Thomas' place, but without his knowledge; that on the 15th of May, 1893, plaintiff went to Thomas' farm and saw the cattle, and shortly afterward, on the same day, saw Thomas and told him about the cattle being on his place and demanded the oxen of Thomas; but the latter replied that he had Sam Henry between him and danger, and that he would prosecute anybody that interferred with the cattle, and that nobody could get them who did not have a better right to them. At this time, Thomas was the owner of a mortgage which he had bought from said Sam Henry covering the same cattle, but this mortgage was executed after the one to plaintiff. Plaintiff had never had possession of the cattle.

The evidence of the defendant tended to show that he never had possession or control of the property or anything to do with it; that about May 1st, 1893, one Jasper Smith sent to plaintiff's farm after the cattle, but failed to find them. Defendant was then allowed to prove that said Smith was at that time the owner of a mortgage upon the same cattle given by French for an amount equal to their value, and that Smith's mortgage was prior to that of plaintiff. To this evidence plaintiff objected because illegal, irrelevant, and immaterial, and because it was an attempt to set up the outstanding title of a third person with whom defendant in nowise connected himself. The court overruled the objection, and plaintiff excepted.

Defandant then offered evidence tending to show that on the 16th of May, the day after plaintiff demanded the cattle of defendant, Smith sued out a writ of detinue against French, and thereby obtained possession of the cattle. To this evidence plaintiff objected because irrelevant, illegal and immaterial, and because it was *res inter alios acta*. The court overruled the objection, and plaintiff excepted. This was substantially all the evidence; and the plaintiff requested the court to give,

[Mitchell v. Thomas.]

among other charges the following : (1.) "The court charges the jury that the mortgage of Smith is no protection to defendant under the uncontroverted evidence in this case." The court refused to give each of the charges requested by the plaintiff, to which refusal the plaintiff separately excepted. The plaintiff also separately excepted to the court's giving at the request of the defendant several written charges requested by him, but it is unnecessary to set them out in detail.

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

O. D. STREET, for appellant.—1. There was shown to have been a conversion of the property by the defendant. This conduct and statement at the time of the demand made by the plaintiff for the property was sufficient to show such a conversion.—*Bolling v. Kirby*, 90 Ala. 215, 24 Amer. St. Rep. 789, and notes.

2. The defendant had no right to set up an outstanding title in Smith to defeat the plaintiff's recovery. There is no pretention that Thomas ever acquired by purchase or otherwise any authority to hold the property under or by virtue of Smith's mortgage. Failing to connect himself with Smith's mortgage in any manner, it can afford him no protection whatever, either as a defense to the suit, or in mitigation of damages. The ruling on the evidence presents the same question.— *Draper v. Walker*, 98 Ala. 310 ; *Marks v. Robinson*, 82 Ala. 69 ; *Thorn v. Kemp*, 98 Ala. 423 ; *Garden v. Morrison*, 12 Ala. 547 ; *Belser v. Youngblood*, 103 Ala. 545 ; *Carpenter v. Going*, 20 Ala. 587 ; *Bird v. Womack*, 69 Ala. 390 ; *Keith v. Ham*, 89 Ala. 590.

3. The seizin of the property by Smith under the writ of detinue against French, on the next day after the demand, did not relieve the defendant from the consequences of his wrongful act or conversion. It is held that when the property converted has, with the consent of the plaintiff, been applied to his benefit, this fact is good in mitigation of damages.—*Mitchell v. Corbin*, 91 Ala. 599 ; *Ewing v. Blount*, 20 Ala. 694. Pressing this principle a little further, many courts have held that if it is applied to his benefit by legal process issued against

him, the result is the same as when done with his consent.—*Bird v. Womack*, 69 Ala. 390; *Keith v. Ham*, 89 Ala. 594.

LUSK & BELL, *contra.*—1. The plaintiff never had actual possession of the property alleged to have been converted; and therefore, it was incumbent upon him to show legal title. Hence there was no error in the admission of Smith's prior mortgage.—*Draper v. Walker*, 98 Ala. 310; 1 Brick. Dig., 574, § 47.

2. A subsequent mortgagee, who is in possession, can not maintain trover for the conversion of the mortgaged property.—Jones on Chattel Mortgages, (2 ed.), § 499; 1 Cobby on Chattel Mortgages, § 486; 2 Cobby on Chattel Mortgages, § 1043; *Thorn v. Kemp*, 98 Ala. 417; *Draper v. Walker*, 98 Ala. 310; *Bolling v. Kirby*, 90 Ala. 215; *Baker v. Barclift*, 76 Ala. 414.

COLEMAN, J.—The complaint contains a count in trespass for the wrongful taking of one yoke of oxen, and a second count, in trover for the conversion of said property. There seems to be no controversy about the fact, that the oxen belonged to Charley French, subject to certain mortgages which he had executed. The plaintiff held and owned one of these mortgages executed by French to him, the law day of which expired February 1st, 1893. On the 15th of May, 1893, the plaintiff found the oxen on the farm of the defendant, and demanded them of him. The defendant replied "that he had Sam Henry between him and danger, and that he would prosecute anybody that interfered with the cattle, and that nobody could get them who did not have a better right." At this time the defendant was the owner of a junior mortgage on the cattle, which had been executed to one Sam Henry by Charley French.

The first question is, conceding that plaintiff's title was superior to that of defendant, whether what was done and said by the defendant, under the circumstances, the oxen being on the farm of the defendant. amounted to a tortious conversion of the property. Under the principles declared in the case of *Bolling v. Kirby*, 90 Ala. 215, and authorities there cited, we have no hesita-

[Branch v. Smith.]

tion in declaring that the conduct of defendant amounted to a conversion.—s. c. 24 Am. St. Rep. 789, and notes.

On the trial the defendant was allowed to prove that one Smith held a mortgage on the oxen executed by French prior to that of plaintiff, and without in any manner connecting himself with such superior title or claim. This was error. A defendant when sued in detinue or trover, may show an outstanding superior title with which he connects his claim or possession; but no such evidence was offered in this connection. The rule has been often declared and the reasons stated.—Authorities collected in *Draper v. Walker*, 98 Ala. 310, and *Thorn v. Kemp*, *Ib.* 417. We presume that the evidence was admitted under the principle, that when a plaintiff fails to show former possession, and relies solely upon title, the defendant is permitted to set up an outstanding superior title in a third person, without connecting himself with it, to defeat the action; but this exception to the rule does not apply where both titles are derived from a common source. The precise question arose in the case of *Gardner v. Boothe*, 31 Ala. 186, and the evidence was held to be inadmissible.

Upon the same principles the court erred in allowing evidence of the detinue suit by Smith against French instituted on the day following the demand by plaintiff for the oxen. Under the evidence, the action by Smith against French was *res inter alios acta* as to plaintiff and defendant, and not admissible. If all the alleged evidence had been excluded, the plaintiff would have been entitled to the affirmative charge.

Reversed and remanded.