# Wilson *v.* Johnson.

## *Detinue.*

(Decided July 2, 1907. 44 South. 539.)

1. *Chattel Mortgages; Recovery of Possession; Defenses.*—Where the plaintiff claimed title through a chattel mortgage, but was not in possession of the property, it was competent for defendant to show

[Wilson v. Johnson.]

outstanding pior mortgages and to connect himself with title under said prior mortgage, and where the evidence tended to show that defendant had purchased such outstanding prior debts and mortgages, which were delivered to defendant together with the property, this was sufficient connection to authorize their use by defendant to defeat plaintiff's right of recovery.

2. *Same; Instructions.*—A charge asserting that unless the mortgagor paid defendant the amount due on the prior mortgage, they should find for defendant was properly refused, since there was evidence to sustain defendant's contention that the payment by defendant of a prior debt was to be an extinguishment of the mortgage security, and that mortgagee was to hold the debt against the mortgagor without the mortgage security.

3. *Evidence; Record; Appeal; Entry on by Judge of Probate.*— Since it is not the judge of probate's legal duty to enter satisfaction of the mortgage on the margin of the record, the record showing such an entry was inadmissible to show that a prior mortgage had satisfied, in the absence of proof of authority in the judge of probate or his clerk to make such an entry.

4. *Appeal; Review; Prejudicial Error.*—The admission of the record as to unauthorized entries of satisfaction of mortgages was not cured by a statement of the court that unless it was shown that the entry was made by the direction of the holder of the mortgage, it would amount to nothing and that he would so instruct the jury, where it appeared that no such evidence was given, and the court failed to so instruct the jury and permitted plaintiff's counsel to comment on the entry of satisfaction as a circumstance in the case.

APPEAL from Geneva County Court.

Heard before Hon. P. N. HICKMAN.

Detinue by J. J. Johnson against J. D. Wilson. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

This was an action of detinue for the recovery of a mule. The facts sufficiently appear in the opinion of the court. The following charge was requested by the defendant and refused by the court: "(1 )The court charges the jury that, unless they believe from the evidence that Skinner paid Wilson the amount due on the Tillis & Byrd mortgag, then you will find for the defendant."

W. O. MULKEY, for appellant. Counsel discusses assignments of error but cites no authority.

C. D. CARMICHAEL, for appellee. The record was admissible.—*Harton v. Barlow,* 108 Ala. 417; *Gay, et al. v. Rogers,* 109 Ala. 624; 80 Ala. 45; 70 Ala. 469. At any rate the objection is general.—88 Ala. 193; 42 Ala. 456; 3 Mayf. 575.

DENSON, J—This is an action of detinue, commenced on the 3rd day of November, 1903, by J. J. Johnson against J. D. Wilson, to recover a mule. The plaintiff had never had actual possession of the mule. His right to recovery is based on title under a mortgage executed to him by T. M. Skinner, on the 31st day of December, 1902, to secure a recited indebtedness of $450. The law day of the mortgage was October 1, 1903, and the instrument stipulates for the retention of possession by Skinner until default in the payment of the debt secured.

"Where the plaintiff in detinue bases his right of recovery, not on prior possession, but upon the strength of his title, he must prove his title; and the defendant, unless estopped, may show any fact in derogation of such alleged title, and may therefore prove that the title is not in the plaintiff, but in a stranger. It is immaterial that the defendant fails to connect himself with such outstanding title. It is enough that the plaintiff has none, and cannot recover without it."—*Foster v. Chamberlain,* 41 Ala. 158; *McIntosh v. Parker,* 82 Ala. 238, 3 South. 19; *Russell v. Walker,* 73 Ala. 315; *Draper v. Walker,* 98 Ala. 310, 13 South. 595 On this principle, it was competent to show, in defense, prior outstanding mortgages on the mule executed by Skinner, whether defendant connected himself with them by a legal transfer or not. However, as shown by the record, there was evidence tending to show that the defendant purchased the debts and mortgages, and that they

were delivered to him with the mule; and this was sufficient connection of defendant with them to authorize their use to defeat plaintiff's right of recovery by showing an outstanding title.—20 Am. & Eng. Ency. Law, 1028; *O'Neal v. Seixas,* 85 Ala. 80, 4 South. 745; *Garham v. Newman,* 21 Ala. 497. Defendant offered in evidence three mortgages antedating those of the plaintiff, all of which were past due when plaintiff's mortgage was taken. They were admitted by the court against the plaintiff's objection. The mortgage from Skinner to Folmar, Walden & Byrd was purchased by the firm of Tillis & Byrd, which latter firm succeeded the former in business, and the evidence shows that the mortgage to Tillis & Byrd was given as additional security for the debt secured by the mortgage to Folmar, Walden & Byrd.

The contention of the plaintiff after the admission of the mortgages in evidence, was that they were fully paid before the commencement of the suit. In respect to this issue the evidence was sharply in conflict. The court allowed the plaintiff to offer in evidence the mortgage record in which the mortgage to Tillis & Byrd was recorded, for the purpose, as the bill of exceptions recites, of showing that it had been marked satisfied by R. E. Byrd. This entry was shown on the margin of the record: "Satisfied in full by order of R. E. Byrd, this Jan. 30th, 1903. Ed Roach, Judge of Probate." It was shown that A. B. Jernigan, a clerk in the probate office, made the entry; but the bill of exceptions recites that it was not shown by what authority the entry was made. It is not a duty imposed by law upon the judge of probate to make such entries on the margin of mortgage records; and, in the absence of proof of authority on the part of Jernigan or of the probate judge to make the entry, the

record should not have been admitted, and the court committed reversible error in admitting it.

Nor is the error cured or rendered harmless by the fact that the court, in overruling defendant's objection to the record, stated that, unless it was shown that the entry was made by the direction of the holder of the mortgage, it would amount to nothing, and that he would so instruct the jury. The bill of exceptions purports to set out all of the evidence, and it does not appear that any evidence of authority to make the entry was given, nor does it appear that the court instructed the jury that, in consequence of a failure to show that the entry was made by direction of the holder of the mortgage, it should not be considered. On the contrary, it appears that the court, over the objection of the defendant, permitted the plaintiff's counsel to comment on the entry on the record as a circumstance tending to show payment of the mortgage debt, and refused a request in writing by the defendant to the effect that the jury could not regard the entry on the record as evidence of payment. It follows that the errors in admitting the entry on the margin of the mortgage record, and in refusing charge 2 requested by defendant, must work a reversal of the judgment.—*Bolton v. Cuthbert et al.,* 132 Ala. 403, 31 South. 358, 90 Am. St. Rep. 914.

Charge 1, requested by the defendant, was properly refused. One contention of the plaintiff was that the payment by defendant of the debt due Tillis & Byrd was to be in extinguishment of the mortgage security, and that defendant was to hold the debt against Skinner without the mortgage, and allow him to pay it in work on defendant's farm; Skinner being defendant's tenant at the time. We cannot say that there is not a tendency in the evidence supporting the contentions. There-

[Hardison, et al. v. Plummer.]

fore charge 1 was bad for pretermitting this contention of the plaintiff.

As the evidence will in all probability be different on another trial, we shall not consider the error assigned in respect to the refusal of charge 3, the general affirmative charge.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

TYSON, C. J., and HARALSON and ANDERSON, JJ., concur.