# Continental Jewelry Co. *v.* Pugh Bros.,

## *Assumpsit.*

### (Decided July 6, 1910. 53 South. 324.)

1. *Sales; Rescission by Buyer; Offer to Restore Part of Goods.*— Rescission by a buyer in a contract of sale must be in toto; so an attempt is ineffectual where having disposed of part of the goods he offers to pay for those and return the others it not being shown that those disposed of were valueless.

[Continental Jewelry Co. v. Pugh Bros.]

2. *Same; Abatement of Price.*—Where the restoration of all goods bought under a contract is impossible, the remedy of the buyer is an abatement of the agreed purchase price and not rescission.

3. *Same; Disaffirmance; Offer to Return.*—A purchaser intending to rescind a contract of sale must within a reasonable time give notice of disaffirmance with an offer to return the goods with a view to rescission accompanied by an explanation of the purposes thereof.

4. *Same; Question for Court or Jury.*—Where the facts are undisputed the question as to whether the offer to restore was within a reasonable time, is one for the court on the defense of rescission by the purchaser.

5. *Same; Pleading; Offer to Restore.*—As an answr in an action for price of goods sold, a plea of rescission which merely alleges that an offer to restore the goods was made within a reasonable time after the discovery of the breach of warranty, is not sufficient; the dates of the discovery and of the offer should be alleged.

(Sayre and Evans, JJ., dissent in part.)

APPEAL from Montgomery City Court.

Heard before Hon. WILLIAM H. THOMAS.

Assumpsit by the Continental Jewelry Company against Pugh Bros. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

The following are the pleas alluded to in the opinion:

"(3) The consideration for the debt or demand, to recover which this suit is brought, was that the defendants on, to wit, June 21, 1906, by a contract or agreement, ordered and agreed to purchase of and from plaintiff a certain lot of articles of jewelry, and was to pay therefore a certain amount of money, a part of which represents the amount for the recovery of which suit is brought. Defendants aver that they did not see said jewelry at the time of the making of said contract or agreement, and that the same was agreed to be sold by sample—that is to say, plaintiff's agent at the time thereof had certain jewelry, which said jewelry bought or agreed to be bought of plaintiff was to be substantially alike in character, and defendants aver that said jewelry delivered by the plaintiff to the defendants and for the price of which this suit is brought was not sub-

[Continental Jewelry Co. v. Pugh Bros.]

stantially like the said sample; and within a reasonable time after delivery of the said jewelry to the defendants, and after a discovery by the defendants that said jewelry was not substantially like said sample, the defendants rescinded said contract or agreement, and thereafter offered to return said jewelry that the defendants had not disposed of, and to pay for that which had been disposed of; and defendants aver that they had held said jewelry so undisposed of subject to the orders of plaintiff; wherefore, they say that they are not indebted to plaintiff in any amount whatsoever.

"(4) The debt or demand for the recovery of which this suit is brought arose from a certain contract or agreement made on, to wit, June 21, 1906, wherein and whereby the defendants ordered of and from the plaintiff a certain lot of merchandise and jewelry, and in payment of which the defendants promised and agreed that the amount of said order, to wit, $192, was payable in six equal installments, due 2, 4, 6, 8, 10, and 12 months from the date of the invoice, provided that the defendants send plaintiff promptly on the arrival of the jewelry their six acceptances for amount and time above mentioned, payable to the order of plaintiff; and it was agreed by and between plaintiff and defendants that said jewelry should be of substantially the same material and make as the other jewelry that was exhibited by the plaintiff's agent to the defendants. And defendants aver that they paid to the plaintiff the first two payments mentioned in said contract, and that the plaintiff delivered to the defendant's said jewelry which was not of substantially the same material and make as the said sample; and, within a reasonable time after the defendants discovered that said jewelry delivered to them by the plaintiffs was not of the same material and make as said sample, the defendants rescinded the said con-

tract, and offered to return the plaintiff all of said jewelry that they had not disposed of, and to pay for that which they had disposed of, and have been ready and willing ever since to do so.

"(5) Same as 4 except that it alleges that the plaintiff's agent had certain samples at the time of the order, and represented that the said jewelry bought or ordered would be substantially of the same material and make, and with the further allegation that plaintiff had failed or refused to receive said jewelry so undisposed of.

"(6) Alleges the contract as in the other pleas, with the averment that the defendant bought the jewelry by sample, and that the jewelry which was delivered to him did not come up to the sample, but was inferior thereto, and that within a reasonable time after the discovery thereof by the defendant the defendant offered to return said jewelry to the plaintiff and has been ready and willing to do so ever since. Demurrers were interposed to said pleas because they failed to show when the defendants discovered that the jewelry was not like the sample, and how long after their discovery before they offered to rescind the contract."

The seventh demurrer being as follows: "Said plea shows that defendant retained, kept, or disposed of said jewelry or a part thereof after it was delivered to him, and therefore waived their right to rescind their contract."

TROY, WATTS & LETCHER, for appellant. The court erred in overruling demurrers to pleas 3, 4, 5 and 6. In sales by samples, the rule is that the vendee must act with promptness and discovering that the property was not such as was contemplated, offer to return it.— *Hodges, et al. v. Tufts,* 115 Ala. 375; *Barnett v. Stanton,* 2 Ala. 189; *McGee v. Billingsly,* 3 Ala. 695; *Elliott v. Howison,* 40 So. 1026. All of the pleas show that part

[Continental Jewelry Co. v. Pugh Bros.]

of the jewelry had been disposed of, and for this rea-
son were bad.—Authorities supra.  The court erred in
sustaining defendant's demurrer to plaintiff's replica-
tions 1 and 2.—*Sledge v. Swift*, 53 Ala. 110; *Moore v.
Heineke*, 119 Ala. 634; *Milligan v. Pollard*, 112 Ala.
469.

HILL, HILL & WHITING, for appellee.  The court com-
mitted no error in reference to the pleadings.—4 Mayf.
759; *Penn v. Smith*, 93 Ala. 480; s. c. 98 Ala. 560; *Eagan
v. Johnson*, 82 Ala. 233; *Jesse French P. Co. v. Bradley*,
138 Ala. 178; *Samples v. Guyer*, 120 Ala. 611; *Fuller v.
Chenault*, 47 So. 197; *Eastern G. R. Co. v. Chapman*,
140 Ala. 443; *Bessemer I. Co. v. Brown*, 138 Ala. 157.
The replications are shown have been frivolous,  and
hence, no error intervened in sustaining the general
demurrer thereto.—*Ryall v. Allen*, 143 Ala. 227.

McCLELLAN, J.—The action is on accepted bills
of exchange for goods sold by the appellant to appellees.
The sale was by sample, and the intent of the pleader,
as indicated by pleas 3 to 6, inclusive, was to assert a
rescission because, to generally state it, the goods re-
ceived did not substantially come up to the sample, in
material, make, etc.  The report of the appeal will con-
tain a summary statement of the matter set up in these
pleas.

In the early case of *Burnett v. Stanton & Pollard*,
2 Ala. 181, 189, it was said:  "An offer to re-
turn the chattel in a reasonable time, on the breach of
warranty, or where a fraud has been practiced on the
purchaser, is equivalent in its effect upon the remedy,
to an offer to accept by the seller, and the contract is
rescinded.  But the vendee, in such case, must act with
promtpness, and, upon discovering that the subject-

matter is not such as was contemplated, he must offer to return it. * * * But a contract cannot be rescinded, without mutual consent, where the circumstances have been so altered by a past execution that the parties cannot be put in statu quo, for if it be rescinded at all, it must be done in toto. * * * If the vendee neglect to return the goods, * * * but keep them and treat them as his own, by putting them up for sale, or exercising other acts of ownership over them, he cannot afterwards reject the contract."

*Burnett v. Stanton & Pollard, supra,* in the particulars quoted, has been followed, literally or in principle, in these subsequent decisions: *Knight v. Turner,* 11 Ala. 636; *Ward v. Reynolds,* 32 Ala. 384, 393; *Stephenson v. Allison,* 123 Ala. 439, 447, 26 South. 290; *Hayes v. Woodham,* 145 Ala. 597, 40 South. 511; *Eagan Co. v. Johnson,* 82 Ala. 238, 2 South. 302—among others.

In *Stephens v. Allison, supra,* it was by way of approving quotation, said: "He cannot hold onto such part of the contract as may be desirable on his part and avoid the residue; but rescind in toto, if at all."

Parsons on Contracts, vol. 2 (9th Ed.) pp. (bottom) 834, 835, thus expresses the rule: "Generally, no contract can be rescinded by one of the parties unless both can be restored to the condition in which they were before the contract was made. If, therefore, one of the parties has derived an advantage from a partial performance, *or so disposed of the property bought that he cannot restore it,* he cannot hold this and consider the contract as rescinded because of the nonperformance of the residue." (Italics supplied.)

Where restoration is impossible—restoration that would put the parties in the condition existing before the contract was made—or the article purchased is valueless, the buyer's remedy is for an abatement of the

price agreed to be paid, by way of recoupment, or by separate action.—*Eagan Co. v. Johnson,* 82 Ala. 238, 2 South. 302; *Jones v. Anderson,* 82 Ala. 302, 2 South. 911; Parsons on Contracts, p. 834, and notes.

Both *Eagan Co. v. Johnson* and *Jesse French Piano Co. v. Bradley,* 138 Ala. 177, 35 South. 44, are cited by counsel to support the proposition that where there has been a total or partial payment of the price the purchaser may qualify his otherwise unconditional tender back, looking to rescission, by a retention of the possession until the seller makes restitution of what he has received and so on the theory of the purchaser's security thereby. These cases maintain that doctrine, but neither of them assume to or does impinge upon the other doctrine that rescission, for breach of warranty, must be of the whole, not merely a part of the contract. In *Eagan Co. v. Johnson,* the court expressly ruled that Johnson, by a sale of the machine, precluded rescission of the contract by him. In *Jesse French Piano Co. v. Bradley,* the purchaser had not parted with the piano, subject of the bargaining, and was justified in the retention thereof because he had made to the company partial payment of the agreed price. These two decisions, in the particulars indicated, are not, in any sense, opposed to the conclusion to which we are driving in respect of the sufficiency, on demurrer, of pleas 3 to 5, inclusive. It affirmatively appears from the averments of pleas 3, 4, and 5, that a part of the jewelry had been disposed of by the defendants and their offer was, as shown by these pleas, to restore that part of the subject of the sale to them, by plaintiff, undisposed of, and to pay for that part which had been so disposed of. Obviously, the restoration necessary in order to effect rescission of the contract in toto was impossible of accomplishment, the defendant having disposed of a

part of the subject-matter of the sale, and that disposed of not being shown to be valueless. If the defendants were allowed, as these pleas assert, to pay for part, and to thereby affirmatively avail of the contract to that extent, and to restore the remainder, that undisposed of, only, the very essence of the rules controlling the rescission of contracts would be violated.

Accordingly, the seventh ground of demurrer to pleas 3, 4, and 5 should have been sustained. The court erred in overruling it, as to the mentioned pleas. Since this ruling is vital to the theory upon which pleas 3, 4, and 5 proceed, it is not necessary to consider, with a view to a disposition of this appeal, other grounds assigned in the demurrer against them.

It is the duty of one intending to rescind a contract to, within a reasonable time, give to the other party notice of his disaffirmance.—*Elliott v. Howison,* 146 Ala. 568, 589, 40 South. 1018; *Burnett v. Stanton & Pollard,* 2 Ala. 181, 189; 24 Am. & Eng. Ency. Law, p. 645. Doubtless this requirement is met where the offer to restore, with a view to rescission, is accompanied by an explanation of the purpose thereof.

In that class of cases where the relation of a carrier to a consignment depended upon whether the consignee had had a "reasonable time" in which to remove the consignment, this court ruled that, where the evidence is without dispute, what is a "reasonable time" is a question of law for the court.—*Collins v. A. G. S. R. R. Co.,* 104 Ala. 390, 16 South. 140; *C. & W. Ry. v. Ludden & Bates,* 89 Ala. 612, 7 South. 471; *Tallassee Falls Co. v. Western Ry. of Ala.,* 128 Ala. 167, 29 South. 203.

In the case at bar we are invited, by the demurrer to plea 6, to condemn the plea because the offer to restore the goods to the seller was alleged to have been "within a reasonable time" after discovery of the

. [Continental Jewelry Co. v. Pugh Bros.]

breach of warranty asserted therein, and that the aver-
ment of time elapsing thereafter is a conclusion of law
and not an allegation of fact. Generally, pleadings are
demurrable where conclusions of law are asserted
therein.

In *Morgan v. McKee,* 77 Pa. 228, 231, treating the
rescission of a contract, it was said: "They were bound
to make their election within a reasonable time; and
what is a reasonable time or undue delay where the
facts are not disputed is a question of law to be deter-
mined by the court. * * * Reasonableness in such cases
belongeth to the knowledge of the law, and is therefore
to be decided by the justices. * * *" To the like effect
is *Bacon v. Green,* 36 Fla. 325, 348, 18 South. 870.

Reasonableness, as respects time, in cases of the
character under consideration, being a question of law,
if the facts are undisputed, we think it must be held
that the stated objection, taken by the demurrer, should
have been sustained. It is clear that to sustain, in any
degree in the proof, such an averment, viz., "within a
reasonable time," the pleader must adduce evidence
showing when the breach of the warranty was discover-
ed, on the one hand, and on the other, when, on that
account, he notified the seller of his disaffirmance. If,
to carry his burden, he must present the necessary evi-
dential data, from which, if undisputed, the court must
conclude reasonableness vel non, in respect of time elap-
sing, no undue weight is cast upon him when he is re-
quired to substitute, in averment, for the conclusion the
court must pronounce if the evidence be not in dispute,
succinct allegations of fact leading, as matter of law,
to that result. If the pleader, as a witness on the is-
sue, were asked whether he disaffirmed "within a rea-
sonable time," we doubt not that the question would be
subject to the objection that a conclusion of the witness

was sought. While of course it is never necessary that pleadings should assert, in extenso, the evidence upon which the cause of action or defense rests, yet where, as here, the very essence of the defense—rescission—in an action for the price agreed to be paid, depends upon the promptness with which the purchaser acted after discovery of the breach of warranty, the facts and not alone the conclusions, should be set out.

For the errors indicated, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON, MAYFIELD, SAYRE, and EVANS, JJ., concur. SAYRE and EVANS, JJ., hold plea No. 6 not subject to the demurrer interposed thereto.