(104 So. 287)
### CHILDS v. THOMPSON. (4 Div. 64.)
(Court of Appeals of Alabama. May 12, 1925.)

1. Executors and administrators ⬅178—Administrators not entitled to recover personal property, where total of personal estate was less than $300.

Where intestate left widow and minor daughter, and personal property of total value of less than $300, administrator was not entitled to detinue for part thereof.

2. Appeal and error ⬅843(1)—Assignments of error not considered, where they could not affect controlling conclusion.

Assignments of error in rulings, which could not affect the controlling basis of decision, need not be considered.

Appeal from Circuit Court, Dale County; J. S. Williams, Judge.

Action in detinue by M. E. Childs, as administrator of the estate of Lewis Thompson, deceased, against Ben Thompson. Judgment for defendant, and plaintiff appeals. Affirmed.

Martin & Martin, of Ozark, for appellant.

The personal representative is entitled to recover all the assets of the decedent's estate, except where widow's claim is vested, and the widow's claim to property as exempt may be renounced. Mitcham v. Moore, 73 Ala. 542; Chamboredon v. Fayet, 176 Ala. 211, 57 So. 845; Todd v. Interstate Mortg. Co., 196 Ala. 169, 71 So. 661; 16 Cyc. 775.

Sollie & Sollie, of Ozark, for appellee.

The absolute title to the property was in the widow and minor child, and plaintiff

could not maintain the action. Phillips v. First Nat. Bank, 208 Ala. 589, 94 So. 801; McIntosh v. Parker, 82 Ala. 238, 3 So. 19; Wilson v. Johnson, 152 Ala. 614, 44 So. 539.

RICE, J. This was a statutory detinue suit by appellant (plaintiff in the court below) against appellee (defendant) for a certain mule and wagon. From a directed verdict in favor of the defendant, plaintiff brings this appeal.

[1] The plaintiff, suing as the administrator of the estate of Lewis Thompson, deceased, introduced evidence which showed that the property sued for was a part of the personal property of his intestate; that said intestate was a citizen of Alabama, and died leaving personal property of the total value of less than $300; that there were left surviving said intestate, the widow, Mary Thompson, and a minor daughter; also that plaintiff had never been in possession of the property sued for. The defendant introduced no evidence. The court gave to the jury the general affirmative charge in favor of the defendant. This was correct. Phillips v. First National Bank of Bessemer, 208 Ala. 589, 94 So. 801; McIntosh v. Parker, 82 Ala. 238, 3 So. 19; Wilson v. Johnson, 152 Ala. 614, 44 So. 539. The trial court properly overruled appellant's motion for a new trial. McLeod v. Shelly M. & I. Co., 108 Ala. 81, 19 So. 926.

[2] A consideration of the other assignments of error is unnecessary, because the rulings underlying same could not affect the above conclusions.

Finding no prejudicial error in the record, the judgment appealed from is affirmed.

Affirmed.