(125 So. 36)

## PAGE v. SKINNER. (3 Div. 899.)

Supreme Court of Alabama. Nov. 29, 1929.

Rehearing Denied Dec. 19, 1929.

Jones & Jones and Edwin C. Page, Jr., all of Evergreen, for appellant.

Hybart & Dickey, of Evergreen, for appellee.

BROWN, J. This action is by the administrator of the estate of Charles Robbins, deceased, to recover $118 in currency, alleged to have been converted by the defendant.

The complaint consists of two counts, the first in assumpsit for money had and received, and the second, trover, for wrongful conversion. The verdict of the jury was for the plaintiff under the second count.

Therefore, conceding appellant's contention that pleas 3 and 5 stricken on motion of the plaintiff, and plea 6, which the court denied defendant permission to file, were pleas in bar, the rejection of these pleas was without error, for the reason that the matters presented were merely in negation of the plaintiff's right to recover, and were admissible under the general issue. Barrett v. City of Mobile, 129 Ala. 179, 30 So. 36, 87 Am. St. Rep. 54; Barksdale v. Strickland & Hazard, ante, p. 86, 124 So. 234.

The defendant had full benefit of all defenses available to him under the general issue pleaded "in short by consent," upon which issue was joined.

With the last-mentioned plea in the case, action of the trial court in striking defendant's plea 4—ne unques administrator—if error, was without injury. Moreover, the evidence adduced by the defendant disproved plea 4.

The plaintiff offered evidence going to show that plaintiff's intestate, Charles Robbins, on the day of his death, had in his possession two purses containing United States currency, referred to by the witness as greenbacks; that he had these purses in his possession at a church meeting and contributed from the money to a fund for church purposes; that about 9 o'clock that night, after the services had concluded, his body was found near the church, his pockets turned inside out, and the purses were missing; that they were afterwards found some distance from the dead body with the contents gone.

Joe Thomas, who was seen at the church on the night of Robbin's death, was arrested, and when searched, it was found that he had concealed in his socks $107 in currency, and under the lining of his hat $11 in one dollar bills. At the time the money was taken, Thomas, according to one witness, stated that the money belonged to the plaintiff's intestate, Charles Robbins. This money was turned over to the defendant, while acting as justice of the peace and special coroner holding an inquest, to ascertain the cause of Robbins' death, and who, if any one, was responsible therefor.

The evidence further shows that Thomas was subsequently indicted, tried, and convicted for the murder of Robbins.

After the money came into the possession of the defendant, he deposited it in the bank and paid it out to the attorneys who represented Thomas on his trial, in response to a written order issued by Thomas, in the following words: "Please deliver to Messrs. Ballard & Page, the money taken from my person at the time I was arrested, charged with the murder of Charles Robbins."

On the trial the defendant offered to show that Robbins, at the time of his death, was a resident of this state; that he left surviving him Katie Robbins, his widow; and that his personal property, including the money in controversy, was of value less than $1,000. On the objection of the plaintiff, this testimony was rejected.

The appellant's contention here is that under the stated circumstances the legal title to the money, in Robbins' possession at the time

of his death, passed to his widow under the exemption statutes, and therefore the plaintiff who sues as administrator of Robbins' estate cannot recover.

It must be conceded that for the plaintiff to recover under the trover count, he must prove property in himself, and the right to the possession of the chattel or thing at the time of its conversion. Barksdale et al. v. Strickland & Hazard, supra; Corbitt v. Reynolds, 68 Ala. 378; Elmore v. Simon & Bro., 67 Ala. 526.

Under the principle of the common law, and without regard to the provisions of section 5802 of the Code defining the duties of executors and administrators, the title to the personal property belonging to the estate, except as otherwise provided by statute, passes to the personal representative, who succeeds, not only to the title, but all benefits accruing from the prior actual possession of his decedent. Butler v. Gazzam, 81 Ala. 491, 1 So. 16; Waring v. Lewis, 53 Ala. 615; Van Hoose, Trustee, v. Bush, 54 Ala. 342; Baldwin v. Hatchett, 56 Ala. 461; Ferguson v. Morris, 67 Ala. 389; 3 Brick. Dig. 464, § 139. To state the proposition in a different form, as against all persons except the exemption, the personal representative stands in the shoes of his decedent, and one sued for the wrongful conversion of personal assets of the estate, where it appears the personal representative or his decedent had prior actual possession, may not set up an outstanding legal title in a third person, with which the defendant shows no privity. Lowremore v. Berry, 19 Ala. 130, 54 Am. Dec. 188; Pruitt et al. v. Gunn, 151 Ala. 651, 44 So. 569; Mitchell v. Thomas, 114 Ala. 459, 21 So. 991; Draper v. Walker, 98 Ala. 310, 13 So. 595.

There is nothing in Phillips v. First National Bank of Bessemer, 208 Ala. 589, 94 So. 801, that militates against the foregoing statement of the rule. In that case the widow was the administratrix, and she was suing in her representative capacity to recover money deposited by her intestate in the defendant bank, and the defense asserted by the bank was that the estate was indebted to it for money expended by it for the burial of the plaintiff's intestate, invoking the doctrine of the common law that the payment of the burial expenses, in keeping with the "degree and quality of the deceased," is the first and primary obligation of the estate, and that a friend or a stranger may attend to the duty, and bury the deceased in the manner suitable to the estate he leaves, and this necessary expense must be repaid by the personal representative. 2 Williams, Ex'rs, 871; Gayle's Adm'r v. Johnston, 72 Ala. 254, 47 Am. Rep. 405; Hatchett v. Curbow, 59 Ala. 516.

As an answer to the defense, the plaintiff in that case, by replication, asserted that the decedent, a resident of this state, left surviving him his widow, and that his personal estate was less than $1,000 in value. A demurrer was sustained to this replication by the trial court, and on appeal the court here, in disposing of the assignment of errors predicated on that ruling, observed: "Presumptively, of course, the personal representative is entitled to recover all of the assets of the decedent's estate, and a debtor need not, and perhaps cannot, set up the widow's right, to defeat an action therefor—at least not unless the widow has previously claimed and intercepted the fund. But when, as here, the personal representative himself shows, by formal pleading, that the widow's claim is vested and absolute, he denies and defeats his own right of recovery." Phillips v. First Nat. Bank, 208 Ala. 591, 94 So. 801, 802.

The question of the right of a defendant sued for a tort by the personal representative, to set up the outstanding legal title in the widow, was not involved in Phillips v. First Nat. Bank of Bessemer, supra, and the holding in that case does not sustain the holding by the Court of Appeals in Childs v. Thompson, 20 Ala. App. 594, 104 So. 287.

The evidence offered by the defendant was properly excluded.

The appellant complains that the trial court, over his objection, allowed the plaintiff to offer the record of the case of State v. Joe Thomas et al., showing the indictment and conviction of said Thomas for the murder of Charles Robbins.

The general rule is that the proceedings and judgment in a criminal prosecution are not competent evidence in a civil action arising out of the same transaction, save for the single purpose of showing its existence, if that becomes a relevant fact. There are numerous exceptions, however, to this rule, which need not now be stated; it being sufficient to observe that the fact of Thomas' indictment and conviction for the murder of Robbins, in connection with the evidence heretofore stated, was a collateral fact, clearly material, as a circumstance tending to sustain the plaintiff's theory that Robbins was murdered and robbed by Thomas. 15 R. C. L. p. 1000, § 476; Ib. p. 1003, § 479; Jones on Ev. § 590.

The only material issue in the case was whether or not the money which was received and converted by the defendant was the property of Charles Robbins, and assets of his estate, and on the evidence this was a question of fact for jury decision.

The affirmative charge in its several forms requested by the defendant was therein refused without error.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.